CHARLES J. HERSHEY and Others v. MEEKER COUNTY BANK and Another.[1]

January 21, 1898.

Nos. 10,857—(241).

**Will — Devise for Life with Power to Devise Remainder in Fee — Construction by Probate Court — Decree of Distribution.**

M. devised certain lands to R. for life, with a general and beneficial power to him to devise the remainder in fee. R. executed to defendant mortgages on the lands, purporting to convey an absolute fee, and subsequently died testate, devising the lands to the plaintiffs. Afterwards, in the administration of the estate of M., the probate court made a decree of distribution by which it construed the will of M. as granting to R. a life

[1] Reported in 73 N. W. 967.

estate, with power of disposition by will only, and, in accordance with such construction, assigned the lands to plaintiffs, as appointees under the will of R. In a prior action the plaintiffs obtained by default a judgment against defendant Willis, adjudging his mortgage null and void. Subsequently the court, on motion of Willis, made an order vacating the judgment; and from that order the plaintiffs appealed, and gave a supersedeas bond. That appeal is still pending. In this action to determine the adverse claims of the defendants under these mortgages, *held*:

### Statute of Powers—Power of Disposition—Rights of Creditors.

(1) That R. had, under the statute relating to powers, an absolute power of disposition of the lands, and that his life estate was changed into a fee absolute, as respects the rights of creditors and purchasers. G. S. 1894, §§ 4309, 4312.

### Estoppel—Rights of Mortgagees.

(2) That defendants are not estopped by the decree of distribution from asserting their rights under their mortgages.

### Same—Appeal from Order Vacating Judgment Does Not Reinstate Judgment.

(3) That the appeal of the plaintiffs from the order vacating the judgment in the former action did not reinstate the judgment, so as to give it operation as an estoppel.

Action in the district court for Meeker county to quiet title to two half sections of land. Defendant Willis and defendant bank answered separately, each claiming a mortgage lien upon the property under a mortgage given by Reuben S. Hershey, plaintiff's devisor. Plaintiffs' reply put in issue the validity of the mortgages and alleged that Reuben S. Hershey held only a life estate in the property, and had no authority to mortgage the fee. The reply to Willis' answer also alleged a judgment recovered January 31, 1896, in an action in the same court wherein Willis was a party defendant, involving the validity of his mortgage and holding it void, and forever enjoining its foreclosure. In this action the court found the mortgages valid liens. From an order denying a new trial, Powers, J., plaintiffs appealed. Affirmed.

The third paragraph of the will of Martin Hershey, who was a resident of Pennsylvania, was as follows:

"Third. I give and bequeath all my real estate and personal property, of whatsoever kind or nature the same may be, in the

state of Minnesota aforesaid to my son Reuben S. Hershey, in trust to lease out, farm and manage the same to the best advantage so put out, and keep at interest the moneys, rents and incomes accruing therefrom upon good security during the life of my said son, and of the rents, incomes, interests and profits of the said estate I authorize my son Reuben S. Hershey to take or retain for his use as much as he desires and needs during his life, as compensation for so managing and taking care of said real and personal estates and moneys; and upon the death of my said son, Reuben S. Hershey, I direct the same to go to such persons and in such manner as my said son may direct in his last will, if he leaves a will, but in case my said son shall die intestate, then I give and bequeath the same to the children of my said son, Reuben S. Hershey (including such children or issue as he has or may have with Maria Stoner), then being the issue of any of them then dead in equal shares per stirpes."

*John T. Byrnes, Little & Nunn*, and *Davis, Kellogg & Severance*, for appellants.

All parties, plaintiffs and defendants, depend upon the will for their rights. All are interested in the estate and all are bound by the construction placed upon the will by the probate court in its decree of distribution. Proceedings in the probate court are proceedings in rem. The decree of distribution is a judgment in rem, which conclusively determines the rights of all parties in the estate under the will. Whether the construction of the will or of the statute of powers is correct, it includes all persons interested in the real estate the same as any other judgment in rem. Ladd v. Weiskopf, 62 Minn. 29; Greenwood v. Murray, 26 Minn. 259; Davis v. Hudson, 29 Minn. 27; State v. Ueland, 30 Minn. 277; Patten v. Tallman, 27 Me. 17, 27; Potter v. Webb, 2 Greenl. 257; Jackson v. Robinson, 4 Wend. 437, 440; Cochran v. Young, 104 Pa. St. 333; Inhabitants v. Chadbourn, 16 Mass. 433; Poplin v. Hawke, 8 N. H. 124; Bailey v. Bailey, 8 Ohio, 239; Lawrence v. Englesby, 24 Vt. 42; Camden v. Plain, 91 Mo. 117.

These mortgagees took their mortgages after the will was admitted to probate and recorded in the registry of deeds. Reuben S. had only such estate as he took under the will of Martin, as such will would be construed by the decree of distribution. These mortgagees stand in identically the same position as Reuben S. They

became interested in the estate of Martin through their mortgages from Reuben, and the decree of distribution bound them. As security for their loan they could take no greater estate than Reuben had or could give. They are bound by this judgment. Woodruff v. Taylor, 20 Vt. 65; Merrill v. Harris, 26 N. H. 142; Howell v. Budd, 91 Cal. 342; Garwood v. Garwood, 29 Cal. 514; 2 Smith, Lead. Cas. (Hare & W.) 585, 586; 2 Freeman, Judgm. § 606. Exton v. Zule, 14 N. J. Eq. 501, 507.

Plaintiffs did not claim as devisees of Reuben, but under the will of their grandfather Martin. They are not concerned with the covenants of Reuben. They took nothing from him. He was simply the means through which the power in the will was executed. Hence plaintiffs are not estopped from asserting that Reuben was not owner in fee, or from questioning the defendants' rights under the mortgages. The decree of the probate court, whether conclusive or not, is clearly right. Reuben had an estate for life only, with the power of disposition by will only annexed. The courts have made a clear distinction between devises which in terms convey the fee, and only by implication make the estate devised a life estate to which the power of disposition is added, and devises like this where the estate is expressed in terms to be for life, with a limited power of disposition of the remainder. In every case under the latter form of devise the intention of the testator has been respected, and the estate devised has been held to be only a life estate, and the power valid. Doe v. Thorley, 10 East, 438; Giles v. Little, 104 U. S. 291; Brant v. Virginia, 93 U. S. 326; Smith v. Bell, 6 Pet. 68; Downey v. Borden, 36 N. J. Law, 460; Second v. Disbrow, 52 Pa. St. 219; Girard v. Chambers, 46 Pa. St. 485; Green v. Hewitt, 97 Ill. 113; Benesch v. Clark, 49 Md. 497; Cory v. Cory, 37 N. J. Eq. 198; Bradley v. Westcott, 13 Ves. 445; Nannock v. Horton, 7 Ves. 392; Reid v. Shergold, 10 Ves. 370; Morris v. Phaler, 1 Watts, 389; Hess v. Hess, 5 Watts, 187, 191; Smith v. Starr, 3 Whart. 62; Foss v. Scarf, 55 Md. 301; Andrews v. Brumfield, 32 Miss. 107; 2 Woerner, Admin. § 949; 1 Sugden, Powers, 124, 125, 256. Our statute of powers is copied from New York. While this particular question had not been considered prior to the time we adopted it, the decisions of the New York

courts are entitled to great weight in determining its correct construction. The particular question here involved seems to be fully settled in Cutting v. Cutting, 86 N. Y. 522. In that case the court held that the section of the New York statute which is equivalent to G. S. 1894, § 4313, is to be read in connection with sections 4309 to 4312, and that no power is to be deemed, an absolute power of disposition, unless the grantee is unable in his lifetime to dispose of the entire fee for his own benefit. From the language of this will it is clear no such right was intended by the testator.

There is a contingent remainder in the children of Reuben, subject to be defeated only by his making a will and appointing other persons to take the estate after his death. It clearly follows that these children took under the will of Martin, at the appointment of Reuben or in the absence of such appointment. As remaindermen they would have the right to restrain waste during the life of Reuben, because their interests as remaindermen would not be diverted until the death of Reuben leaving a will, and until the probate of that will. G. S. 1894, § 4342, providing that when a power to dispose of land is confined to a disposition by devise, the instrument of execution must be a duly executed will, is a declaration of common law upon the subject. The court of appeals in New York in the case of Genet v. Hunt, 113 N. Y. 158, 170, expressly stated that a power of disposition by will is not an absolute power. That the statute of powers which is equivalent to ours defining an absolute estate to be one by which the grantee is enabled, in his lifetime, to dispose of the entire fee for his own benefit, excludes the power to dispose by will, and the courts say such a power is a general but not an absolute power. Any other construction would render absolutely nugatory the provisions of the will, and would enable Reuben to do that which the courts of Pennsylvania say he could not do, enable him to dispose of this property, excluding from all benefit those who come after him, when the intention of the testator was that he have no such right. Marlborough v. Godolphin, 2 Ves. Sr. 61; Southby v. Stonehouse, 2 Ves. Sr. 610; Moore v. Dimond, 5 R. I. 121; 4 Kent, Com. 327, 328; 2 Sugden, Powers, 22.

The judgment perpetually enjoining foreclosure of the mortgage of defendant Willis estops that defendant from asserting any

claim thereunder.  St. Paul v. Hinckley, 53 Minn. 102; Farmers
Nat. Bank v. Backus, 63 Minn. 115.

*Uri L. Lamprey,* for respondents.

The return does not contain and does not purport to contain all
the evidence.   Hence the findings of fact cannot be questioned, be-
cause, if a return does not contain all the evidence, this court will
not disturb the findings of fact, but inquire only if such findings
support the conclusions of law.   McDermid v. McGregor, 21 Minn.
111;  Albee v. Hayden, 25 Minn. 267;  Downer v. Foulhuber, 19
Minn. 142 (179);  Henry v. Hinman, 21 Minn. 378;  Teller v. Bishop,
8 Minn. 195 (226);  Piper v. Packer, 20 Minn. 274;  Geer v. Smith, 25
Minn. 472;  Thompson v. Lamb, 33 Minn. 196;  Stone v. Johnson, 30
Minn. 16;  Coolbaugh v. Roemer, 32 Minn. 445;  Osborne v. Wil-
liams, 39 Minn. 353.   This rule prevails, even though it appear from
the findings that the facts found are based upon evidence or docu-
ments embodied in the return.   Osborne v. Williams, supra;  Cool-
baugh v. Roemer, supra.   The only questions appellants can raise
on this appeal are the exceptions contained in their bill of excep-
tions, and whether the findings support the conclusions of law.

There is no claim that the findings of fact are in any respect insuf-
ficient to support the conclusions of law.   Since the bill of excep-
tions nowhere shows that it contains all the testimony on any issue,
the well-known rule of this court, that other and sufficient evidence
will be presumed to have been given, must prevail.   St. Paul v.
Langin, 23 Minn. 462;  Dickerman v. Ashton, 21 Minn. 538;  Henry
v. Hinman, supra;  Dorman v. Ames, 12 Minn. 347 (451);  Cowley v.
Davidson, 13 Minn. 86 (92);  Young v. Young, 18 Minn. 72 (90);
Butler v. Fitzpatrick, 21 Minn. 59.

The decree of distribution does not affect the mortgages.  It had
no jurisdiction of the mortgagees who were in any way interested
in the estate of Martin and are not parties to the settlement of his
estate.  The jurisdiction of the probate court and the decree of dis-
tribution are confined to matters as they existed when the ancestor
or devisor died.  Jones v. Taintor, 15 Minn. 423 (512);  Hill v. Town-
ley, 45 Minn. 167.  The proceedings in the settlement of an estate in
the probate court are confined to the estate of the deceased, and

affect no one not interested in the estate of the deceased. Farnham v. Thompson, 34 Minn. 330; State v. Probate Court, 33 Minn. 94; Greenwood v. Murray, 26 Minn. 259; Dobberstein v. Murphy, 44 Minn. 526.

Whatever title appellants have comes directly from their father. This is evident from the fact that he had the absolute disposition of the property by will. The moment Reuben exercised the power given him by his father's will, the will stood as though appellants had not been named in it. 4 Kent, Comm. 339; Johnson v. Cushing, 15 N. H. 299; Smith v. Bell, 8 Tenn. 302; Bean v. Myers, 41 Tenn. 226; Davis v. Bridgman, 10 Tenn. 557; Davis v. Richardson, 18 Tenn. 290. This is true where the power of disposition is by will only, as well as where it is by deed. Edie v. Babington, 3 Irish Ch. 568, and cases cited; Cutting v. Cutting, 86 N. Y. 522; Tallmadge v. Sill, 21 Barb. 34,. 54; Johnson v. Cushing, supra. Plaintiffs are the devisees of Reuben, the mortgagor. Hence plaintiffs cannot attack the mortgages. The following cases establish that the mortgagor is estopped to deny his title, or to claim adversely to his deed; that this estoppel is a muniment of title and is transmitted with the estate. Hence any person claiming under one who is bound by an estoppel is himself bound by the same estoppel. Whenever a mortgagor is estopped, all persons claiming under him, whether as heirs, devisees or grantees, are also estopped. 3 Washburn, R. P. 470, 480; Bigelow, Est. (5th Ed.) 384; Jones, Mort. §§ 682, 683, 1483; Bush v. Marshall, 6 How. 284, 288; Boisclair v. Jones, 36 Ga. 499; Dime v. Crook, 29 Hun, 671; Krupp v. Krugel, 12 Phila. 174; Strong v. Waddell, 56 Ala. 471; Tefft v. Munson, 57 N. Y. 97; Alt v. Banholzer, 36 Minn. 57; Stanford v. Broadway, 122 Ind. 422; Cross. v. Robinson, 21 Conn. 379; Skelton v. Scott, 18 Hun, 375; Jackson v. Parkhurst, 9 Wend. 209; Greeno v. Munson, 9 Vt. 37; Wires v. Nelson, 26. Vt. 13; Reed v. Shepley, 6 Vt. 602; Fisher v. Milmine, 94 Ill. 328; Lincoln v. Emerson, 108 Mass. 87; Usina v. Wilder, 58 Ga. 178; Malcoon v. Smith, 49 Wis. 200; Wark v. Willard, 13 N. H. 389; Somes v. Skinner, 3 Pick. 51; Baker v. Hunt, 40 Ill. 264; Kimball v. Blaisdell, 5 N. H. 533; White v. Patten, 24 Pick. 324; Bank v. Mersereau, 3 Barb. Ch. 528; Douglass v. Scott, 5 Ohio, 195; Carver v. Jackson, 4 Pet. 2; Pike v. Galvin,

29 Me. 183; Carson v. Cochran, 52 Minn. 67; Bailey v. Trustees, 12 Mo. 110; Cole v. Raymond, 9 Gray, 217; Morse v. Aldrich, 19 Pick. 449.

At common law, where a person had the general power of appointment of property by deed or by will, the property became a part of his estate, so as to be subject to the demands of creditors in preference to the claims of the appointees, even if the donee of the power had no other interest in the property, provided he exercised the power. In case such power of disposition were given to one who had an estate for years or for life, then the power became a part of his estate, and as to creditors he was considered the owner in fee upon his exercising the power. When one having such power of disposition by deed or will, or by will alone, gives a deed it is an exercise of the power, and a good conveyance of the fee. 2 Sugden, Powers, 28, and cases cited; 4 Kent, Comm. 339 (8), and cases cited; 3 Williams, Exec. 128, and cases cited; Ram, Assets, 148; Chance, Powers, § 1817; Ashfield v. Ashfield, 2 Vern. 287; Thompson v. Towne, Prec. Ch. (Finch) 52; Bainton v. Ward, 2 Atk. 172, and cases cited; Townshend v. Windham, 2 Ves. Sr. 1; George v. Milbanke, 9 Ves. 189; Jenney v. Andrews, 6 Mad. & Geld. Chan. 264; Attorney General v. Staff, 2 Cromp. & M. 124; Petre v. Petre, 14 Beav. 197; Williams v. Lomas, 16 Beav. 1; Edie v. Babington, supra; Cutting v. Cutting, supra; Tallmadge v. Sill, supra; Johnson v. Cushing, supra; Hull v. Culver, 34 Conn. 403; Lewis v. Palmer, 46 Conn. 454; Barnard v. Bailey, 2 Har. (Del.) 56; Markillie v. Ragland, 77 Ill. 98; Henderson v. Blackburn, 104 Ill. 227; Clark v. Middlesworth, 82 Ind. 240; South v. South, 91 Ind. 221; Downie v. Buennagel, 94 Ind. 228; Ramsdell v. Ramsdell, 21 Me. 288; Lillard v. Robinson, 3 Litt. (Ky.) 415; Fritsch v. Klausing (Ky.) 13 S. W. 241; Benesch v. Clark, 49 Md. 497; Carter v. Van Bokkelen, 73 Md. 175; Dodge v. Moore, 100 Mass. 335; Cummings v. Shaw, 108 Mass. 159; Hazel v. Hagan, 47 Mo. 277; Andrews v. Brumfield, 32 Miss. 107; King v. King, 12 Ohio, 390; Stroud v. Morrow, 7 Jones (No. Car.) 463; Green v. Sutton, 50 Mo. 186; Tremmel v. Kleiboldt, 6 Mo. App. 549; Bishop v. Remple, 11 Oh. St. 277; Second v. Disbrow, 52 Pa. St. 219; Canedy v. Jones, 19 So. Car. 297; Bean v. Myers, 41 Tenn. 225; Smith v. Bell, 8 Tenn. 302; David v.

Bridgman, 10 Tenn. 557; Davis v. Richardson, 18 Tenn. 290, and cases cited.

When our statute of powers was adopted from the New York statute, our legislature adopted the construction put upon it by the New York courts. G. S. 1894, c. 44; 2 R. S. (N. Y.) (9th Ed.), 1804; Ness v. Davidson, 45 Minn. 427; Nicollet v. City, 38 Minn. 85. Appellants are mistaken in saying our statute of powers had not been construed in New York at the time of the adoption of the statute in Minnesota. See Jackson v. Edwards (1839) 7 Paige, Ch. 386, 400, affirmed on appeal, 22 Wend. 498.

Under the will Reuben was a tenant for life with the absolute power of disposition not accompanied by any trust. Under our statute he had the fee as to creditors and purchasers. G. S. 1894, §§ 4305, 4307, 4309, 4312; 18 Amer. & Eng. Enc. 917, and cases cited; Freeborn v. Wagner, 49 Barb. 43; Freeborn v. Wagner, 2 Abb. App. 175; American v. Stark, 45 How. Pr. 160, 166; Jackson v. Edwards, supra; Leonard v. American, 35 Hun, 293; Terry v. Wiggins, 2 Lans. 272, 276; Terry v. Wiggins, 47 N. Y. 512; Kull v. Kull, 37 Hun, 476; Brown v. Farmers, 51 Hun, 386; Hume v. Randall, 141 N. Y. 499. Therefore our statute on powers is conclusive against the appellants.

Appellants' argument, that the children of Reuben have a contingent remainder subject to be defeated only by his making his will and appointing other persons, is not sound. The will provided that Reuben could will to whomsoever he saw fit. That the children should not take anything under his will, unless Reuben failed to make a will. As Reuben did not fail to make a will, the property goes under his will and therefore it must follow that whatever appellants take they take under the will of their father.

Appellants claim that the judgment in the injunction suit is a bar to the defense of the defendant Willis in this case, but the bill of exceptions shows that the appeal from the order setting the injunction judgment aside is still pending and undetermined. Such a judgment is not a final judgment. An order or judgment cannot be reviewed upon appeal, even in the action where it is made, unless there be a case or bill of exceptions showing upon what evidence or papers the trial court acted. Bausman v. Tilley, 46

Minn. 66; Du Toit v. Fergestad, 55 Minn. 462; Siebert v. Minneapolis, 58 Minn. 69.

MITCHELL, J.

Under the view we take of these cases, many of the facts disclosed by the record, and several of the points argued by counsel, become entirely immaterial.

The only material facts are the following: In May, 1881, one Martin Hershey died, seised in fee simple of the lands in controversy. By his last will (stating its provisions according to their legal effect), he devised the lands to Reuben S. Hershey for life, with remainder to such persons as the said Reuben S. might direct by his last will and testament. This will was probated in this state in August, 1885. In February, 1891, and June, 1892, Reuben S. executed to the defendants, respectively, the mortgages under which they now claim liens upon the lands. These mortgages purported to convey an absolute fee, and contained full covenants of title. Reuben S. died in July, 1892, and by his last will devised the lands to these plaintiffs. This will was admitted to probate in August, 1892. In 1896 one of these plaintiffs obtained letters of administration upon the estate of Martin Hershey; and in March of that year, upon his petition, the probate court made a decree of distribution, in and by which, after reciting the provisions of the will of said Martin, and also of Reuben S., it was adjudged that, under the will of said Martin, Reuben S. had only a life estate in the lands, with power to dispose of the same upon his death by will only, and that the plaintiffs, under and by virtue of said wills, were the owners of said lands, and assigning them to the plaintiffs as such owners. The defendants did not appear in, and had no actual notice of, the proceedings in which this decree was rendered. The plaintiffs brought these actions to determine the adverse claims of the defendants under their mortgages.

The contention of the defendants is that, under the will of Martin Hershey, Reuben S. took a fee absolute, in respect to creditors and purchasers. This calls for a construction of various provisions of G. S. 1866, c. 44, relating to powers, which, so far as here involved, we borrowed from New York, either directly or indirectly, through

the state of Wisconsin; the same being R. S. (N. Y.) 1829, art. 3, c. 1, pt. 2. Chapter 44 abolishes all powers, except as authorized and provided therein, and declares, that the creation, construction and execution of powers shall be governed by its provisions. It is therefore a complete and exclusive code on the subject of powers, and the pre-existing rules of the common law on the subject are only important as aids in construing the statute.

There can be no doubt but that the power granted to Reuben S. by the will of Martin was "general" and not special, "beneficial" and not in trust. G. S. 1894, §§ 4305, 4307. It authorized the alienation in fee, by means of a will, to any alienee whatever; and no person other than the grantee of the power had, by the terms of its creation, any interest in its execution. Under the provisions of the will, Reuben S. had a particular estate for life. Section 4309 provides,

"When an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate shall be changed into a fee; absolute in respect to the rights of creditors and purchasers, but subject to any future estate limited thereon in case the power is not executed, or the lands sold for the satisfaction of debts."

Section 4312 provides,

"When a general and beneficial power to devise the inheritance is given to a tenant for life or for years [which is the present case], such tenant shall be deemed to possess an absolute power of disposition within the meaning and subject to the provisions of the three preceding sections," which include section 4309.

The equity rule was that where a man has a general power of appointment over a fund, and he actually exercises his power, whether by deed or will, the property appointed shall form a part of his assets, so as to be subject to the demands of his creditors in preference to the claims of his legatees or appointees. 2 Sugd. Powers, 28. This rule applied where the power of appointment was by will only. Edie v. Babington, 3 Irish Ch. 568. The principle upon which this rested was that where persons take as volunteers, and by the bounty of the donee of the power, the fund appointed is assets of the donee. But, in order to raise this equity in favor of

creditors, the power must have been exercised. This irrational rule rested upon the doctrine that equity never aids the nonexecution of a power not accompanied by a trust.

The revisers of the New York statutes, in framing provisions covering this branch of the law relating to powers, had in view two main objects: First, to do away with the irrational rule just referred to, and make the rights of creditors and purchasers rest exclusively upon the existence of the power; and, second, to guard against powers of appointment being used to shield the property of either the donor or donee of the power from creditors. As they say in their reports and notes, the most important circumstance was whether the power was to be exercised by the party for his own benefit or the benefit of others,—whether it was an interest or a trust; and it was to that distinction that the regulations which they proposed had a principal regard. They proceeded upon the principle that in reason and good sense there is no distinction between absolute power of disposition and absolute ownership; that it was an affront to common sense to say that a man has no property in that which he may sell when he chooses, and dispose of the proceeds at his pleasure.

As there might otherwise have been some doubt whether a general power to devise the inheritance annexed to a previous particular estate should be considered an absolute power of disposition, they proposed the regulation corresponding to our section 4309, and gave as a reason why such a power of disposition should be deemed absolute that

"There are obvious means by which, with the aid of this power, the tenant for life or years may acquire, even in his lifetime, the entire dominion of the property." 5 Edmonds' N. Y. St. at Large, Revisers' Notes, 585, 586.

That a general and beneficial power to devise the inheritance annexed to a previous estate for life or for years was an absolute power of disposition, within the definitions of the statute, is so clear that it has never been questioned in New York, but has been assumed without much discussion. Jackson v. Edwards, 7 Paige, Ch. 386–400; Freeborn v. Wagner, 49 Barb. 43; American v. Stark,

45 How. Pr. 161; Leonard v. American, 35 Hun, 290; Brown v. Farmers, 51 Hun, 386, 4 N. Y. Supp. 422; Hume v. Randall, 141 N. Y. 499, 36 N. E. 402. The next section (4313) provides that

"Every power of disposition shall be deemed absolute by means of which the grantee is enabled in his lifetime to dispose of the entire fee for his own benefit."

The plaintiffs contend that a power of disposition by will only, which can only take effect upon death of the testator, is not absolute, within this definition. But this section is not an exclusive definition of an absolute power of disposition, neither is it a limitation upon the provisions contained in the preceding sections; but it is added as an independent provision applicable to a case not included in or covered by those which precede, viz. where the general power of disposition is not annexed to a previous estate for life or years in the grantee of the power. In Cutting v. Cutting, 86 N. Y. 522, so much relied on by counsel, there was no particular estate for life or years in the grantee of the power. The title was vested in trustees for his benefit during his natural life. He had no power of disposition over this life estate. It was on this ground that it was held that the power of disposition was not absolute. According to our understanding of the very learned and exhaustive opinion of Justice Folger, he recognizes the fact that, if the power to devise the fee had been annexed to a prior life estate vested in the grantee of the power, the power of disposition would have been absolute, under the provisions of section 84 of their statute, which corresponds with section 4312 of ours. In Hume v. Randall, supra, Justice Peckham, in referring to Cutting v. Cutting, and other similar cases, says, at page 505:

"These are cases where the legal title was in the trustee, and they are the foundation for the claim that, where the tenant for life has no power to alien his life estate, the case does not come within the above statute, although the tenant may have a power to dispose of the fee by will. The argument is founded upon the assumption that the life tenant has no power to alien his life interest. If he have that power, the argument is inapplicable."

Our conclusion is that Reuben S. Hershey's power of disposition

was absolute, and hence, under the statute, his estate was changed into an absolute fee, in respect to the rights of creditors and purchasers.

2. It is contended, however, that the probate court has, by its decree of distribution of the estate of Martin Hershey, construed his will otherwise, and that the decree, although erroneous, is conclusive against the defendants. It may be conceded that whatever estate the plaintiffs took they took as purchasers under the will of Martin.

It is undoubtedly true that the probate court had jurisdiction to determine who were entitled to Martin's property as devisees or legatees, and, as incidental and ancillary to the determination of that question, to construe his will. But the decree is a conclusive adjudication that the persons to whom the distribution is made are the only persons entitled to the property distributed as devisees or legatees under the will, and of that fact only. And the construction which the court placed on the will is only effectual and operative as to that question. For any other purpose, or upon any other question, it is coram non judice. But there is nothing in the decree in this case which is inconsistent with the legal principles laid down in the previous part of this opinion. The will of Martin did give Reuben S. a life estate (and nothing more), with power to devise the inheritance. The latter did by will exercise this power of appointment in favor of plaintiffs. The statute relating to powers changed the life estate of Reuben S. into an absolute fee only as to purchasers and creditors. Therefore, whatever may have been the rights of the defendants as creditors or purchasers, the property was properly assigned to the plaintiffs as appointees under the will of Reuben S.

Whatever rights the defendants might have in the property under the statute relating to powers was a matter to be determined in the district court, in appropriate litigation between them and the plaintiffs. In the administration and distribution of Martin Hershey's estate, the probate court had no jurisdiction to adjudicate upon these rights, any more than it would to pass upon the rights of a purchaser from a devisee. If it had assumed to pass upon plaintiffs' rights, its adjudication would have been without jurisdiction

and void. Hence plaintiffs took the property, under the decree of distribution, subject to any rights of the defendants as purchasers from Reuben S., and that decree does not conclude them from asserting these rights in this action.

3. In 1896 the defendant Willis had commenced proceedings to foreclose his mortgages by advertisement, whereupon the plaintiffs brought an action against him to enjoin the foreclosure, and to have the mortgages adjudged null and void, and set aside, as clouds on their title. They obtained judgment as prayed for by default against Willis, which upon his motion the court vacated and granted him leave to answer. From the order vacating and setting aside this judgment the plaintiffs appealed to this court, giving a supersedeas bond. That appeal is still pending and undetermined. The plaintiffs contend that the effect of their appeal was to reinstate the judgment in that action, so as to render the invalidity of Willis' mortgages res adjudicata between him and the plaintiffs.

The weight of authority is that an appeal by the party against whom a final judgment is rendered suspends its operation as an estoppel, and renders it no longer admissible as evidence in any controversy between the parties. On this question, however, there seems to be some conflict of opinion. Freeman, Judgm. § 328. But we apprehend that no case can be found holding that when an order has been granted, vacating a judgment, it can any longer be respected as res adjudicata merely because the party in whose favor the judgment was rendered has appealed, either with or without a supersedeas bond, from the order setting it aside. An appeal accompanied by a supersedeas bond saves, pending the appeal, all the rights of the appellant, in the action, affected by the order or judgment appealed from. But that is very different from holding that in this case the appeal reinstated the vacated judgment, so as to constitute an estoppel as to the issues determined by it.

Order affirmed.