EDWIN ROLAND ASHTON and Another v. GREAT NORTHERN
RAILWAY COMPANY.

November 29, 1899.

Nos. 11,794—(103).

## Devise—Particular Estate with Power to Convey Fee.

A. devised all of his real estate, except a part not herein involved, to his wife, during the term of her natural life, and also provided: "I do hereby fully authorize and empower her to sell and dispose of my said estate, or any part thereof, and give good and absolute title thereto by deed or otherwise, whenever in her judgment it is expedient to dispose of the same; and purchasers of said property are not required to look after the application of the proceeds thereof." And, further: "That at the death of my said wife all of my said estate that may remain unsold and undisposed of by her I give, devise, and bequeath to my three children aforesaid, Thomas Ashton, Isaiah Heylin Ashton, and Eliza Burton Ashton, to be divided equally between them, share and share alike." The will was duly probated, and thereafter the grantee of the power, the widow of the devisee, conveyed by deed containing full covenants of warranty and in the usual form a part of the premises to a railway company. In an action of ejectment, brought after the decease of the widow, by the

heirs at law of a remainder-man against the tenant of the company, it is *held*, that under the provisions of G. S. 1894, §§ 4309, 4312, 4313, 4350, the grantee in the deed acquired a perfect and complete title to the property, and that the plaintiffs have no interest therein.

Action of ejectment in the district court for Ramsey county. The case was tried before Bunn, J., who found in favor of defendant; and from an order denying a motion for a new trial, plaintiffs appealed. Affirmed.

*Charles J. Berryhill*, for appellants.

*Wheeler H. Peckham* and *Frederick Allis* also submitted a brief in behalf of Eliza Burton Ashton Allis, a tenant in common with plaintiffs under the same title.

*George B. Young* and *W. R. Begg*, for respondent.

COLLINS, J.

Action to recover possession of an undivided half of certain lots in the city of St. Paul.

Plaintiffs, as the heirs of a remainder-man, and defendant corporation, as the tenant of another corporation, the St. Paul, Minneapolis & Manitoba Railway Company, claim title through a common source, one Joseph Ashton, who died testate in 1874, seised of the premises, except a portion which he had previously conveyed to the predecessor in interest of the last-mentioned corporation, and as to this portion there was no controversy at the trial. Defendant's right of possession to the balance of the premises is made to rest upon a deed with full covenants of warranty executed and delivered in 1880, in which Mary Jane Ashton, the widow of Joseph, was the grantor, and the railway company the grantee. Mrs. Ashton died in 1897. The sufficiency of this deed to convey title in fee to the grantee named therein depends upon the construction to be placed upon a part of the last will and testament of Mr. Ashton, and upon certain statutory provisions, when read in connection. The clauses in the will to which we have referred are as follows:

"Third. I give, devise, and bequeath to my beloved wife, Mary Jane Ashton, all my estate, real, personal, and mixed, of which I am now or may hereafter become seised, of every name and nature whatsoever, and wherever located, except that above disposed of in item second, during her natural life; and I do hereby fully authorize

and empower her to sell and dispose of my said estate, or any part thereof, and give good and absolute title thereto by deed or otherwise, whenever in her judgment it is expedient to dispose of the same; and purchasers of said property are not required to look after the application of the proceeds thereof. Fourth. That at the death of my said wife all of my said estate that may remain unsold and undisposed of by her I give, devise, and bequeath to my three children aforesaid, Thomas Ashton, Isaiah Heylin Ashton, and Eliza Burton Ashton, to be divided equally between them, share and share alike."

That part of the testator's estate mentioned in item 2 cuts no figure in this case.

As was said quite recently in Hershey v. Meeker County Bank, 71 Minn. 255, 73 N. W. 967, G. S. 1894, c. 44, is a complete and exclusive code on the subject of powers, the pre-existing rules of the common law being of no importance, except as aids, when construing the statutory provisions. By this chapter all powers are abolished, except as therein authorized and empowered. This being the condition of the law on this subject in this state, we are referred to a number of sections of this chapter upon which defendant's counsel plant their case, and insist that the conveyance by warranty deed from Mrs. Ashton to the railroad company vested in the latter a perfect title to the premises. The argument is that, as Mr. Ashton bequeathed and devised to his wife, during her natural life, all of the estate now in dispute, and authorized and empowered her to sell and dispose, and to give good and absolute title, by deed or otherwise, to all or any part thereof, whenever in her judgment it was expedient to dispose of the same; and as he also provided that purchasers were not required to look after the proceeds of a sale; and as he further provided that at her decease all of his estate that might remain unsold and undisposed of by her should descend to his three children, share and share alike,—Mrs. Ashton's estate was, by means of section 4309, changed into a fee absolute in respect to the rights of creditors and purchasers, the railroad company being of the latter class. And that by means of the power of disposition contained in the will, and not accompanied by any trust, her estate became absolute, and she was thus enabled in her lifetime to dispose of the entire fee for her own benefit.

In the Hershey case, sections 4312 and 4313 were carefully and fully considered with reference to the provisions of the testamentary devise there involved. It would seem clear from the interpretation then placed upon the sections we have referred to, and what was said on the subject, that the power granted by Mr. to Mrs. Ashton, to be exercised when she became his widow, as she deemed expedient, and without any restriction upon the manner of disposition, was a beneficial power, and not a power in trust. These statutory provisions, as construed, seem completely to dispose of the contention of plaintiffs' counsel. See also Deegan v. Wade, 144 N. Y. 573, 39 N. E. 692; Hernhauser v. Decker, 38 N. J. Eq. 426; Yetzer v. Brisse, 190 Pa. St. 346, 42 Atl. 677. But, in any event, the defendant acquired title to the premises through the deed from Mrs. Ashton, which, as before stated, contained full covenants of warranty. It purported to convey an estate in fee simple, not merely a life interest. In terms the conveyance was to the grantee railway company, its successors and assigns, forever. The grantee was to have and to hold the premises to itself, its successors and assigns, forever. It was executed under seal, and the express consideration was $1,900, the payment of which in full was duly acknowledged. And by the terms of the will Mrs. Ashton was authorized and empowered to sell and dispose of "my said estate, or any part thereof," and to give good and absolute title thereto. Her judgment as to the expediency of an absolute sale was to be exercised unfettered and untrammeled, and that she intended to convey the fee cannot be questioned. The deed was a good conveyance under the provisions of section 4350, which is as follows:

"Every instrument executed by the grantee of a power, conveying an estate or creating a charge which such grantee is authorized by the power to convey or create, but which he would have no right to convey or create, unless by virtue of his power, shall be deemed a valid execution of the power, although such power is not recited or referred to therein."

The purpose of this statute is perfectly plain. It was designed to put at rest the question which had arisen at common law as to the necessity of reciting in the instrument executed by the grantee of a power that it was executed in pursuance of such power. The

deed from Mrs. Ashton was an instrument executed by the grantee of a power conveying to the railway company an estate which she had been authorized to convey, but which she would have had no right to convey unless by virtue of the power. By means of the deed the power was validly executed, although such power was not recited or referred to therein. The deed of conveyance could not have operated according to its terms if it had not been executed under the power. It may be said, in addition, that the testator expressly and industriously provided in the fourth item of his will that only that portion of his estate which should "remain unsold and undisposed of by" his wife at the time of her death was to go to his children. This property in controversy had been sold and disposed of by her, and the children had no interest in it.

The question has not been raised by counsel, nor have we considered the effect of the final decree of the probate court of Ramsey county, in which the will in question was duly presented, proven, and allowed. No other matters need to be discussed.

Order affirmed.