IN THE MATTER OF THE ESTATE OF ELBERT D.
MELDRUM, DECEASED.[1]

June 24, 1921.

No. 22,451.

**Will — construction of devise.**

1. Devise by testator to his wife of all his property for life, with power to sell and convey as she may think best, without accounting to the court for the proceeds, remainder to their daughter, does not convey a fee to the life tenant, but only the naked power to dispose of the fee.

**Vesting of title under devise — inheritance tax.**

2. Where testator devised all his property to his wife for life, remainder to their daughter, the title vests at the death of the testator, and the probate court in the first instance correctly determined the value of the legacy to each of the legatees for the purpose of inheritance taxation under section 2272, G. S. 1913, as amended by chapter 410, Laws of 1919.

Upon the relation of Grace D. Meldrum the supreme court granted its writ of certiorari directed to the probate court for Norman county and the Honorable Oscar H. Bakke, judge thereof, to review proceedings in that court determining the amount of inheritance tax due to the state from relator on account of her share in decedent's estate. Remanded with directions.

*C. S. Marden* and *Douglas, Kennedy & Kennedy*, for relator.

*Clifford L. Hilton, Attorney General,* and *Egbert S. Oakley*, Assistant Attorney General, for the state.

QUINN, J.

Certiorari to review the proceedings of the probate court of Norman county in the above entitled matter.

Elbert D. Meldrum executed his last will and testament on July 23,

[1]Reported in 183 N. W. 835.

1914. He died on May 12, 1920, leaving him surviving his wife, Grace D. Meldrum, and their daughter, Claribel M. Metzger, as his sole heirs. At that time he owned certain real estate and personal property situated in Norman county, Minnesota, valued at $106,177.56. The amount of claims, expenses of administration, etc. aggregated $4,184.09, leaving a net estate in Minnesota of $101,993.47 for distribution. The will was duly presented, proved and admitted to probate in Norman county. The estate consisted of a farm valued at $96,400, and its equipment. The here material portion of the will reads as follows:

"Second: After the payment of said funeral expenses and debts, I give, devise and bequeath unto my beloved wife, Grace D. Meldrum all of my property, both real and personal, wherever the same may be located and the rents, issues and profits thereof, for and during the term of her natural life.

"Third: After the decease of my beloved wife, Grace D. Meldrum, I give, devise and bequeath the remainder of my estate, real, personal and mixed, wheresoever it may be found and whatsoever it may consist of, to my daughter, Claribel Metzger, her heirs and assigns forever.

"Fourth: It is my further will and pleasure that if, during the lifetime of my wife, Grace D. Meldrum, if she shall survive me, it becomes necessary to encumber any of my property, or if my wife, Grace D. Meldrum, deems it to her best interest to sell and dispose of any or all of my said property, that she may mortgage and encumber said property as she deems to her best interest, and she may sell any and all of the real or personal estate at public or private sale as she may think best, without being compelled to account to the Probate Court or any other court for the proceeds of said property."

It is contended on behalf of relator that the will devised and bequeathed to her a life estate in all of the property, including the use and profits thereof, remainder to the daughter, Claribel M. Metzger, subject to such life estate, possession thereof to be given her upon the death of her mother, and that each of said estates vested upon the death of the testator.

On April 20, 1921, the probate court, in determining the amount of inheritance taxes to be paid on account of the transfer of the property belonging to the estate, adjudged and decreed that the interest of

Grace D. Meldrum amounted to $45,638.41 for taxation purposes, and that she pay an inheritance tax thereon of $740.96, and that the legacy of Claribel M. Metzger for such purposes amounted to $56,355.06, and that she pay an inheritance tax of $1,040.65.

On April 30, 1921, the state of Minnesota, through the attorney general, made application to the probate court, asking that its judgment be amended so as to require Grace D. Meldrum to pay an inheritance tax upon the whole estate, and adjudging such tax to be $2,429.74, upon the theory that the will gave to her the entire estate, subject only to the gift to the daughter of what might remain at the time of her death. The probate court adopted the contention made on behalf of the state.

The question presented is, did the relator receive under the will only a life estate with the remainder over to the daughter, or did she receive the absolute estate? To determine this question, it becomes necessary to construe the will. When that instrument is considered in its entirety and each clause construed in the light of the other provisions, but little difficulty will be encountered in arriving at what the testator intended.

Clearly his purpose was to provide for the comfort, support and welfare of his wife during her life, and at the same time to preserve his estate for the benefit of their daughter. To carry out the purpose, he willed his entire estate, together with the rents, issues and profits thereof, to his wife, the relator, for and during her natural life, with full power to encumber or sell and dispose of any or all of said property as might become necessary for her best interests, or as she might think best, without being compelled to account to the probate or any other court for the proceeds.[1]

The power to sell is not limited to securing means for the wife's support, but it authorizes her to sell and dispose of so much thereof as she may think best. It was given clearly for her own personal benefit and that of the estate, and does not authorize her to give away any part of the property or to change the residuary legatee so as to defeat the purpose of testator as to the final disposition of his estate. It is clear that the testator did not intend that his wife should take the fee in the property, so as to exercise unlimited power of disposition such as an owner

[1]See correction on page 346, infra [Reporter].

in fee might. If such had been his intention, it is but reasonable to suppose that he would have willed the same direct to her in fee. It must have been his wish that his wife control and manage the estate during her life as she might think best.

The legatees were apparently content with the decree of the probate court made in the first instance. It gave to relator a life interest coupled with a power to sell, and to the daugher the remainder, upon which they were required to pay an inheritance tax of $1,781.61. Should the contention of the respondent prevail, the estate would be required to pay a second inheritance tax before the daughter might receive the farm.[1] It hardly seems that the exigency of the case requires such a construction to be placed upon the will for taxation purposes. The testator intended his entire estate to descend to his blood relative, under the provisions of his will, unless it might become necessary or best, in his wife's opinion, to sell the same, in which case the proceeds should, at the time of her death, go to the daughter.[1]

The fact that relator was given the right to change the character of the property in no way enlarged her interest in the estate. As we read and construe the will she received a life estate in the property, plus the power to sell as she might think best, remainder to the daughter. The proceeds of the property remaining in her hands at the time of her death belong to the daughter, though by the terms of the will the wife was entitled to the same for her support. Bevans v. Murray, 251 Ill. 603, 96 N. E. 546. While it is true, as contended by the state, that relator took more than a life estate, no authority was given her to invade and deplete the corpus, unless necessary for her support. Testator's purpose was to preserve the estate for his family. The rule is well settled as to construction of wills. Long v. Willsey, 132 Minn. 316-320, 156 N. W. 349; Brookhouse v. Pray, 92 Minn. 448-451, 100 N. W. 235; Yates v. Shern, 84 Minn. 161, 86 N. W. 1004; In re Swenson's Estate, 55 Minn. 300, 56 N. W. 1115. While relator was not required to account to the court for the proceeds of any sale, yet the fee vested in the daughter at the death of testator and the proceeds of any sale became the property of the daughter, subject to the life interest of re-

[1]See correction on page 346, infra [Reporter].

lator therein, and at the relator's death the daughter would be entitled to the possession thereof.

The great weight of authority is that where an estate for life is expressly given, and a power of disposition is coupled with it, the fee does not pass to the life tenant under the devise, but only the naked power to dispose of the fee. Borden v. Downey, 35 N. J. Law, 74; Rhode Island Hospital Trust Co. v. Commercial Nat. Bank, 14 R. I. 625; Spaan v. Anderson, 115 Iowa, 121, 88 N. W. 200; Stuart v. Walker, 72 Me. 145, 39 Am. Rep. 311; McCullough's Admr. v. Anderson, 90 Ky. 126, 13 S. W. 353, 7 L.R.A. 836; Hinkle's Appeal, 116 Pa. 490, 9 Atl. 938; Pickering v. Langdon, 22 Me. 413; Redman v. Barger, 118 Mo. 568, 24 S. W. 117; McMillan v. Farrow, 141 Mo. 55, 41 S. W. 890; Power v. Wells, 244 Ill. 558, 91 N. E. 717; Chewning v. Mason, 158 N. C. 578, 74 S. E. 357, 39 L.R.A.(N.S.) 805; Steiff v. Seibert, 128 Iowa, 746, 105 N. W. 328, 6 L.R.A. 1186.

Since the life estate to the wife and the remainder to the daughter are vested interests in the estate, an inheritance tax is assessable on the transfer, under the will, of such interests, pursuant to the provisions of section 2272, G. S. 1913, as amended by chapter 410, p. 479, Laws of 1919. We therefore arrive at the conclusion that the original decree of the probate court was correct and that the case should be remanded with directions to vacate the final decree entered therein on April 30, and to reinstate the original decree of April 20, 1921. It is so ordered.

On July 16, 1921, the following order was filed:

The state has moved for a reargument. We adhere to the original decision but some inaccuracies should be corrected.

It is the opinion of the court that, under the terms of the will, the widow took only a life estate with the power to change the form of the corpus, but without any right, for her own benefit, to exhaust any portion of the principal. Statements in the opinion suggesting a power in the widow to sell for her support should be considered as inadvertently made. The same may be said as to the suggestion made that the contention of the state would result in the payment of a second inheritance tax before the daughter would receive the farm.

Motion for reargument denied.