## WILHELMINA LARSON v. EMMA MARDAUS.[1]

July 1, 1927.

No. 25,984.

**When devise of property to widow for life with power of alienation is equivalent to absolute fee.**

A testator devised his property to his widow for life with full power of alienation and upon her death all such property "then in being" to go to the children. *Held,* an absolute beneficial power of alienation, and by virtue of G. S. 1923, §§ 8115 and 8119, the life estate was changed into a fee absolute as respects the right of a mortgagee or purchasers but subject to the future estate of the children if the power of alienation is not exercised.

Wills, 40 Cyc. p. 1626 n. 1; p. 1629 n. 12.

---

See note in 6 L.R.A.(N.S.) 1199; 39 L.R.A.(N.S.) 807; 36 A. L. R. 1228; 17 R. C. L. 625; 6 R. C. L. Supp. 1027.

[1]Reported in 215 N. W. 196.

Action in the district court for Washington county to determine adverse claims to real estate. Defendant appealed from a judgment, Stolberg, J., in favor of plaintiff. Affirmed.

*Hugh H. Gillen,* for appellant.

*Reuben G. Thoreen,* for respondent.

WILSON, C. J.

Defendant appealed from a judgment. The record presents the inquiry whether plaintiff, the widow of a testator, has power to mortgage and convey real estate by virtue of the language in the will which was followed by the final decree.

The important part of this will is as follows:

"With full confidence in the integrity and good judgment of my beloved wife, Wilhelmina Larson, and desiring that she may have every comfort and necessity during her life, I therefore, give, bequeath and devise all my property to my wife for her use and benefit during her lifetime, with full power and authority to dispose of any portion thereof which she may need for her comfort and enjoyment in health or sickness.

"On the death of my said wife, all the residue and remainder of said property then in being, I give, bequeath and devise to our children, share and share alike, *   *   *"

Under the usual rules of construction this language means that the testator intended the widow to have the use of the estate during her life coupled with the power of alienation, and that upon her death all the residue and remainder of said property "then in being" should go to the children. Dun. Dig. § 10257; Smith v. Bell, 6 Pet. 68, 8 L. ed. 322; Hasbrouck v. Knoblauch, 130 App. Div. 378, 114 N. Y. S. 949. This expresses an absolute beneficial power of disposition which brings the subject matter within the language of two sections of G. S. 1923:

"8115. When an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate shall be changed into a fee, absolute in re-

spect to the rights of creditors and purchasers, but subject to any future estate limited thereon, in case the power is not executed, or the lands sold for the satisfaction of debts."

"8119. Every power of disposition shall be deemed absolute, by means of which the grantee is enabled, in his lifetime, to dispose of the entire fee for his own benefit."

We are controlled by these statutes. No trust is involved. Plaintiff's estate in the real estate is changed into a fee absolute in respect to the mortgagee or purchasers but subject to the future estate of the children if the power of alienation is not exercised. Why should it not be so? There is really no distinction between such absolute beneficial power of alienation and absolute ownership—as to all persons other than the remaindermen. There is no justification for the claim that "a man has no property in that which he may sell when he chooses, and dispose of the proceeds at his pleasure." Hershey v. Meeker County Bank, 71 Minn. 255, 73 N. W. 967; Ashton v. G. N. Ry. Co. 78 Minn. 201, 80 N. W. 963. The inquiry must be answered in the affirmative.

In In re Estate of Meldrum, 149 Minn. 342, 183 N. W. 835, the court did not find it necessary to consider the above statutes. That action related to the relative amount of inheritance tax to be paid and the subject matter was considered in the absence of an exercise of the power of alienation.

Affirmed.