MATHILDE E. RISE v. WILLIS B. PARK AND OTHERS. COUNTY OF HENNEPIN, ADDITIONAL DEFENDANT.[1]

November 15, 1946.

No. 34,222.

[1]Reported in 24 N. W. (2d) 831.

*Child & Child,* for appellant.

*Lawrence L. Olson,* for respondents Park.

*Michael J. Dillon,* County Attorney, *Frank J. Williams,* Assistant County Attorney, and *John K. Harvey,* Special Assistant County Attorney, for respondent County of Hennepin.

MAGNEY, JUSTICE.

Plaintiff, Mathilde E. Rise, brought action against Herbert T. Park to recover possession of certain personal property consisting of a note, judgments, and bonds,. and also to recover an alleged indebtedness as money had and received. Park, as executor of the estate of Katherine H. Tuelle, deceased, intervened, and the county of Hennepin was brought in as an additional defendant. The appeal is from the judgment entered upon dismissal of the action.

Claribel Smith and Katherine H. Tuelle were stepsisters. Plaintiff was a friend of Claribel Smith. On April 18, 1940, Claribel executed her last will and testament. She disposed of the residue of her estate, consisting entirely of personal property, as follows:

"Third,—I give, devise and bequeath * * * to my stepsister Kate H. Tuelle if she is surviving at the time of my death for and during the term of her natural life and I give and grant to Kate H. Tuelle full power to sell, assign, transfer, convey, lease, mortgage or otherwise dispose of any part of the principal thereof for her own comfort, use and enjoyment in sickness or in health.

"Fourth,—Upon the death of Kate H. Tuelle after enjoying said life estate or in the event, that she predeceases me, I give, devise and bequeath all of my property as aforementioned to my friend, Mathilde E. Rise, absolutely if she be surviving at the time of the distribution of my estate."

Claribel Smith died July 12, 1941, and Katherine H. Tuelle survived her.

The question submitted to us is whether the life estate created by the above will was enlarged to a fee title by reason of the provisions of two statutes of this state as they existed at that time.

Minn. St. 1941, § 502.13 (Mason St. 1927, § 8119), provided:

"Every power of disposition shall be deemed absolute, by means of which the grantee is enabled, in his lifetime, to dispose of the *entire fee* for his own benefit." (Italics supplied.)

And *Id.* § 502.09 (§ 8115), provided:

"When an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate shall be changed into a fee, *absolute in respect to the rights of creditors* and purchasers, but subject to any future estate limited thereon, in case the power is not executed, or the lands sold for the satisfaction of debts." (Italics supplied.)

On April 13, 1942, the executor of the will of Claribel Smith turned over to Katherine H. Tuelle the personal property here involved. On April 16, 1942, Park was appointed guardian of the estate of Katherine H. Tuelle and received said personal property from Mrs. Tuelle herself. She died May 18, 1942. Park was then appointed executor of her will. The estate consisted only of the personal property which Mrs. Tuelle had handed over to Park as her guardian. Park made an accounting as guardian and delivered the property to himself as executor. Mrs. Tuelle had not exercised her power over any part of this property except to incur indebtedness. Plaintiff claims that she is entitled to this property under the Smith will, while Park's contention was that he held the property as executor of the last will and testament of Katherine H.

Tuelle. Several claims have been allowed against the Tuelle estate, including one by the county of Hennepin to cover back payments of old age assistance made to Mrs. Tuelle from September 1936 to March 1942 in the sum of $1,771.50.

The trial court held that the language of the Smith will created an absolute power within the meaning of the statutes and that the property involved would be subject to the debts of the life tenant and would have to be administered by the probate court. The court was of the opinion that until the probate court had administered the matter and disposed of the payment of the debts of Katherine H. Tuelle plaintiff had no cause of action. Whether the life tenant here with full power to dispose of any part of the principal "for her own comfort, use and enjoyment" had an absolute power of disposition within the meaning of § 502.13 (§ 8119) and consequently a fee absolute in respect to her creditors under § 502.09 (§ 8115) is the question submitted to us for determination. No trust is involved.

Two prior decisions of this court dispose of the question and sustain the view of the trial court, namely, Larson v. Mardaus, 172 Minn. 48, 215 N. W. 196, and Beliveau v. Beliveau, 217 Minn. 235, 14 N. W. (2d) 360.

In the Larson case, the language of the will was as follows (172 Minn. 49, 215 N. W. 197):

"With full confidence in the integrity and good judgment of my beloved wife, Wilhelmina Larson, and desiring that she may have every comfort and necessity during her life, I therefore, give, bequeath and devise all my property to my wife for her use and benefit during her lifetime, with full power and authority to dispose of any portion thereof which she may need for her comfort and enjoyment in health or sickness.

"On the death of my said wife, all the residue and remainder of said property then in being, I give, bequeath and devise to our children, share and share alike, * * *."

The language of the will in the Larson case is almost identical with that of Claribel Smith's will. In the Larson case it was held

that the language of the will expressed an absolute beneficial power of disposition within the meaning of the phraseology of the two statutes above quoted. The court said (172 Minn. 50, 215 N. W. 197):

"* * * Plaintiff's estate in the real estate is changed into a fee absolute in respect to the mortgagee or purchasers but subject to the future estate of the children if the power of alienation is not exercised. Why should it not be so? There is really no distinction between such absolute beneficial power of alienation and absolute ownership—as to all persons other than the remaindermen. There is no justification for the claim that 'a man has no property in that which he may sell when he chooses, and dispose of the proceeds at his pleasure.'" (Citing cases.)

The question in that case was whether the widow of the testator had the power to mortgage and convey real estate by virtue of the language of the will. The inquiry was answered in the affirmative. It is equally true that under the statutes and the language of the will in that case the life estate would have been changed and enlarged into a fee absolute as to creditors also.

In the Beliveau case, this court said (217 Minn. 240, 14 N. W. [2d] 363):

"* * * Under Minn. St. 1941, § 502.09 (Mason St. 1927, § 8115), in a case where, as here, there is no express trust, a grant or devise of land for life with power of disposition with remainder over creates, so far as the life tenant and the remaindermen are concerned, a conventional life estate coupled with a power of disposition with a remainder over, and, so far as creditors, purchasers, and encumbrancers of the life tenant are concerned, a fee simple. In other words, the statute does not convert a life estate coupled with a power of disposition into a fee simple estate for all purposes, but only with respect to the rights of creditors, purchasers, and encumbrancers of the life tenant. Larson v. Mardaus, 172 Minn. 48, 215 N. W. 196; 33 Am. Jur., Life Estates, Remainders, etc., §§ 27, 31; Restatement, Property, § 111."

In the Beliveau case, the will contained a provision that in case the profits, rents, and income from the property should be (217 Minn. 237, 14 N. W. [2d] 362) "sufficient to properly care for, support and maintain my said wife, then I prefer that my real estate be kept intact." The purposes for which the life tenant might dispose of the property in the Beliveau case were therefore very much narrower than in the Larson case and in the instant case. It also involved the question of wasting or squandering the remainderman's estate by the life tenant. However, the principle laid down in the Larson case was given full approval.

Katherine H. Tuelle had an absolute power of disposition, because in her lifetime she could dispose of the entire estate "for her own comfort, use and enjoyment." The language of the Smith will created an absolute power of disposition in the donee and an absolute fee with respect to creditors, purchasers, and encumbrancers of the donee. The property over which Katherine H. Tuelle had an absolute power of disposition was, to the extent of her creditors' claims, vested in her in fee absolute and is subject to administration in the probate court. Divestment of the remainder has occurred to that extent, and to that extent it remains an estate in the donee upon the donee's death and properly within the jurisdiction of the probate court. It may be that the claims of creditors may equal in amount the value of all the property. In such case, all the property vested in the donee in fee absolute. If not, the balance remaining is the property of the remainderman. The probate court would exercise its jurisdiction over the property which is equal to the amount of the creditors' claims.

It was held in Hershey v. Meeker County Bank, 71 Minn. 255, 73 N. W. 967, that in Minnesota, where statutory powers were in effect (referring to the time when that case arose), the divestment must necessarily occur upon the existence of a purchaser or creditor of the donee, since execution of the power is not essential to the creation of an absolute fee in the life tenant.

Plaintiff has cited several New York and Wisconsin decisions based upon statutes similar to the Minnesota ones which we have

450

set out. Since, in our opinion, the Larson and Beliveau cases dispose of our problem, it seems unnecessary to discuss and distinguish them.

We are of the opinion that by Claribel Smith's will Katherine H. Tuelle was granted an absolute power of disposition within the meaning of § 502.13 (§ 8119) and that by virtue of § 502.09 (§ 8115) the life estate given to Mrs. Tuelle was changed to a fee absolute in respect to the donee's creditors and purchasers. To the extent of creditors' claims allowed, the property was properly within the jurisdiction of the probate court.

Judgment affirmed.

[1]Reported in 24 N. W. (2d) 851.