241 Minn. 394 (1954)
IN RE ESTATE OF ELIZABETH BRADLEY.
JAMES A. SLOCUM
v.
G. HOWARD SPAETH.[1]
No. 36,195.
Supreme Court of Minnesota.
March 12, 1954.
Odell & Odell, for appellant.
*395 J.A.A. Burnquist, Attorney General, George H. Gould, Special Assistant Attorney General, for respondent as commissioner of taxation.
DELL, CHIEF JUSTICE.
This is an appeal from an order of the probate court of Carver county refusing to redetermine inheritance taxes as petitioned for by the executor of the estate of Elizabeth Bradley, deceased.
Decedent, a widow, died testate on November 5, 1951. Her will devised her home to her niece Margaret Schletty and the latter's son, George Henry Schletty, and contained legacies to her surviving nieces and nephew and two grandnephews. The residue of the estate was bequeathed to her sister, Gertrude Ocobock, for her life with a remainder to Margaret Schletty individually and as trustee of George Henry Schletty. The executor of the estate having filed his final account, the value of the residue for distribution to Gertrude Ocobock was determined to be $39,255.50. The probate court made its order determining that an inheritance tax of $2,153 was due and payable on account of the transfer to Gertrude Ocobock, and no tax was assessed to the remaindermen. The executor thereafter filed his petition for redetermination of the inheritance tax, and after due consideration the probate court made its order denying the same. The executor thereupon appealed to this court from that order.
The entire residue of the estate consists of personal property, and the question for determination here is whether the tax assessed on the transfer of the residue of decedent's estate to Gertrude Ocobock was correct under the following clause of the will:
"* * * All the rest, residue and remainder of my estate I give and bequeath to my sister Gertrude Ocobock for the term of her natural life with full power to use and dispose of the same as she may see fit, and with remainder, share and share alike, to Margaret Schletty, individually, and to Margaret Schletty as trustee for the uses and purposes hereinafter set out. * * *" (Italics supplied.) *396 The probate court based its assessment on the full value of the property transferred to Gertrude Ocobock. Appellant contends that the transfer to her is taxable only to the extent of the value of her life interest in the property. At the time of decedent's death, she was 81 years old. It is claimed that the value of her life interest in the property is $5,703.04 and that the tax should be $171.09 rather than $2,153 as assessed.
Our state inheritance tax is imposed upon the privilege of receiving property[2] and is based upon the fundamental principle of exacting a tax upon the amount in money value received by each beneficiary, legatee, or heir from a decedent's estate by virtue of the provisions of a will or the intestate law, or as otherwise provided under the statutes.[3] In determining the amount of tax assessable on the transfer of property to Mrs. Ocobock, we must look to the will and examine it as a whole to ascertain what was transferred to her. So construing the will, and interpreting the technical language in its usual and accepted meaning,[4] it created a life estate in Gertrude Ocobock with the remainer over to Margaret Schletty individually and as trustee, subject to the power granted to the life tenant "to use and dispose of the same as she may see fit."[5] The will clearly specifies that Gertrude Ocobock is to have a life estate. The language in no way purports to give her a fee. The remainder is likewise clearly created in express terms. The power granted *397 to the life tenant is not sufficient in itself to create a fee, nor is it repugnant to the creation of the life estate. The remainder, however, may be completely defeated if the power vested in Mrs. Ocobock is fully exercised during her life. This is in accord with the weight of authority.[6]
Further discussion of the strict common-law property classifications created by the bill serves no useful purpose. The basis of our inheritance tax laws is the transfer or shifting of economic benefits from the decedent to the beneficiary. The test is, what are the economic benefits received by Gertrude Ocobock? There could be no question as to the economic benefits if it were not for the language of the will granting Mrs. Ocobock "full power to use and dispose" of the property as she sees fit. The expression "to dispose of" is extremely broad and comprehensive when used generally and without qualification. It gives the power to sell, exchange, barter, or give the property away. It bestowed upon Gertrude Ocobock all the benefits of absolute ownership with the one exception  the power to control the devolution of the unconsumed portion of property upon her death. We have long recognized that the right of the life tenant to invade the principal has economic value apart from the property law classification.[7] In Larson v. Mardaus, supra, it was stated (172 Minn. 50, 215 N.W. 197):
"* * * There is no justification for the claim that `a man has no property in that which he may sell when he chooses, and dispose of the proceeds at his pleasure.'" (Cases cited.)
Since the language of this will granted such broad powers to Mrs. Ocobock, we conclude that sufficient economic benefits have been transferred to her within the contemplation of the inheritance tax laws to justify the tax as determined by the probate court.
Appellant's contention, that Mrs. Ocobock had a power of appointment and that, therefore, because of the provisions of M.S.A. 291.01, *398 subd. 3, the tax assessable on the property received by her should be assessed on the basis of a life estate only, cannot be sustained. In view of the broad powers granted to her under the will giving her the right to sell, exchange, barter, and give away the entire estate without restrictions of any kind whatsoever, thus permitting her to entirely defeat the remainder leaving nothing for the remaindermen, the tax assessable here is governed by § 291.01, subds. 1 and 2, and § 291.01, subd. 3, is not applicable.
For the reasons stated the decisions cited by the appellant as controlling are not applicable.
Affirmed.
NOTES
[1] Reported in 63 N.W. (2d) 374.
[2] State v. Wagner, 233 Minn. 241, 46 N.W. (2d) 676, 23 A.L.R. (2d) 762; In re Estate of Bigelow, 199 Minn. 239, 271 N.W. 459; In re Estate of Rising, 186 Minn. 56, 242 N.W. 459; 6 Dunnell, Dig & Supp. § 9571a.
[3] State ex rel. Hilton v. Probate Court, 143 Minn. 77, 172 N.W. 902; In re Estate of Bowlin, 189 Minn. 196, 248 N.W. 741; M.S.A. c. 291.
[4] In re Estate of Boutelle, 218 Minn. 158, 15 N.W. (2d) 506, 154 A.L.R. 966; In re Trust Created by Will of Crosby, 224 Minn. 173, 28 N.W. (2d) 175; Radintz v. Northwestern Nat. Bank & Trust Co. 207 Minn. 56, 289 N.W. 777; 6 Dunnell, Dig. & Supp. § 10257.
[5] Janes v. Reynolds (D. Minn.) 57 F. Supp. 609; Larson v. Mardaus, 172 Minn. 48, 215 N.W. 196; In re Estate of Meldrum, 149 Minn. 342, 183 N.W. 835; Julian v. Northwestern Trust Co. 192 Minn. 136, 255 N.W. 622; Beliveau v. Beliveau, 217 Minn. 235, 14 N.W. (2d) 360; Rise v. Park, 222 Minn. 444, 24 N.W. (2d) 831.
[6] Annotations, 36 A.L.R. 1177 and 76 A.L.R. 1153.
[7] Hershey v. Meeker County Bank, 71 Minn. 255, 73 N.W. 967; Larson v. Mardaus, 172 Minn. 48, 215 N.W. 196; Beliveau v. Beliveau, 217 Minn. 235, 14 N.W. (2d) 360; Rise v. Park, 222 Minn. 444, 24 N.W. (2d) 831.