### Homer R. Josselyn and another v. Thomas K. Bishop.

*Charge to the jury.* It is erroneous to grant a request to charge which is based upon an hypothesis material to the issue being tried, when there is no evidence tending to support such hypothesis.

A charge to the jury, which assumes that what the evidence tends to show was a single separate contract by itself, depends upon and is a part of what the evidence tends to show is another distinct contract, and that the two together constitute the whole contract, is erroneous.

*Offset.* Where a plaintiff receives of defendants certain instruments under an arrangement to sell the same, and to give defendants thirty-six dollars per gross as profits on such sales, the defendants are entitled, in a proper suit, to set off against the plaintiff's demand whatever sums of such profits the plaintiff received under the arrangement.

*Submitted on briefs July 12. Decided October 8.*

Error to Wayne Circuit.

Bishop sued Homer R. and Alanson K. Josselyn upon the common counts in assumpsit. The plea was the general issue with notice of set-off. The trial was by jury. The evidence on plaintiff's behalf tended to show that plaintiff sold and delivered to defendants ten gross of sewing-machine attachments. The defendants' evidence tended to show that they made a written agreement with plaintiff for the sole agency for the sale of the Hall combination sewing-machine attachment in Michigan, Indiana, and part of Ohio and Illinois; that they loaned plaintiff some of these attachments which they had before received from him, for the purpose of establishing agencies for their sale within the territory aforesaid; that plaintiff was to return these attach-

ments or deliver others in their place, and, for all that he sold, was to allow defendants, as commission, thirty-six dollars a gross; that he admitted that he sold some,—from six to eight gross; that defendants were to pay for the attachments purchased of plaintiff, by note, but that those loaned to plaintiff were to be returned first, which had never been done; that the plaintiff repudiated the agreement for the sole agency aforesaid, because he claimed it had been before granted to another without his knowledge.

The court charged the jury, at the request of the plaintiff's counsel, as follows:

1. That, if the jury, find from the evidence that plaintiff appointed defendants sole agents for the sale of a certain sewing-machine attachment for a certain territory, and agreed to introduce the same himself, and give defendants a certain commission on all he sold, but repudiated the agreement before making any sales thereunder; that, then, whatever damages defendants suffered in consequence are unliquidated, and cannot be made the subject of a set-off in this suit.

2. That, if the jury find from the evidence, that, at the time plaintiff agreed to give defendants the sole right of selling said attachments within a certain territory, the same right had passed to other parties, that, then, no right to the territory in question passed to defendants, and defendants' only right is a claim for unliquidated damages, which cannot be set off in this suit.

3. That the contract as to the five gross was, under the testimony in this case, a part of the whole contract made, and defendants can no more set off any profit received on the sale of these than on any others sold.

The defendants' counsel excepted to each of these charges.

The court refused to grant defendants' requests to charge as follows:

*First.* That, if the jury find from the evidence that the plaintiff received five gross of the attachments, under an arrangement that plaintiff was to sell the attachments, and to give to defendants the thirty-six dollars profit per gross, on all moneys received on the sale of these attachments, then the defendants are entitled to set-off against plaintiff whatever sums of thirty-six dollars profit per gross the jury find the plaintiff received under this arrangement.

*Second.* That under the testimony the defendants are entitled to a set-off of whatever sums of thirty-six dollars per gross the jury find that the plaintiff received from the sale of the five gross, before the contract was repudiated.

The defendants' counsel excepted to the refusal to grant each of said requests.

The verdict of the jury was in plaintiff's favor for the full amount claimed, and judgment was rendered accordingly. The defendants brought error.

*D. B. & H. M. Duffield,* for plaintiffs in error.

*Walker & Kent,* for defendant in error.

CHRISTIANCY, CH. J.

The first charge given at the request of the plaintiff below (defendant in error), was erroneous. There was no evidence tending to show that the plaintiff had repudiated the agreement alluded to, before making any sales of the five gross of instruments delivered to him by defendants.

We need not notice the second charge given at the request of the plaintiff, as it is not claimed by the defendants (plaintiffs in error), that they had the right to set off

their damages for the breach of plaintiff's contract to convey to them the sole right of selling in certain territory.

The third charge given at the request of the plaintiff, was erroneous in assuming that, under the testimony, the contract as to the five gross, was a part of the whole contract (meaning to convey territory by the one part, and to sell in that territory by the other). The evidence tended to show that the contract as to five gross to be sold by the plaintiff, was a separate contract, on the faith of which the defendants delivered to him the property he was to sell. There was nothing to show that defendants ever refused to give their note 'for this property, according to agreement; and plaintiff's repudiation of the contract for conveying the territory, could not operate as a repudiation of this contract in reference to the five gross he had received, while he continued to hold the property obtained on the faith of it, or the proceeds obtained for it.

The court also erred in refusing to charge, as requested by the defendants (below), that, "if the jury find from the evidence that plaintiff received five gross of the attachments, under an arrangement that the plaintiff was to sell the attachments, and to give to the defendants the thirty-six dollars profit per gross, on all moneys received on the sale of these attachments, then the defendants are entitled to set off against plaintiff whatever sums of thirty-six dollars profit per gross the jury find the plaintiff received under this arrangement."

It is unnecessary to notice the second request of the defendants, which was refused, as our opinion upon the other grounds stated, sufficiently covers this.

The judgment of the circuit court must be reversed, with costs, and a new trial awarded.

The other Justices concurred.