HOFFER *v*. DAMSKEY.

1. WILLS—CONSTRUCTION—INTENT.
   The cardinal principle to be observed in the construction of a will is to ascertain the intent of the testator and to give such intent effect if it is ascertainable and is not unlawful.

2. SAME—INTENT TO BE GATHERED FROM FOUR CORNERS OF WILL.
   While there are recognized rules to aid the courts in the construction of a will they are not called to the aid of the court if from the four corners of the instrument the intent is fairly discoverable.

3. SAME—CONSTRUCTION—ADVANCEMENT TO BE DEDUCTED.
   The language employed in a will, which was somewhat obscure because ungrammatical, construed, and *held*, to be the intent of the testator to give to each of his children $3,000, to treat them all alike, and to deduct from one daughter's share the appraised value of a house and lot she already had received.

4. SAME—ADVANCEMENT—APPRAISED VALUE OF HOUSE AND LOT TO BE AS OF DATE OF DEED.
   Since the deed to the house and lot was in the nature of an advancement, its appraised value as of the date of the deed, rather than as of the date of testator's death, should obtain.

Error to Kent; Brown (William B.), J.   Submitted June 7, 1922.   (Docket No. 22.)   Decided October 2, 1922.

Martha Damskey, executrix of the last will of Albert S. Damskey, deceased, petitioned the probate court for an order for an appraisal of certain property deeded by testator in his lifetime to his daughter Anna Maria Hoffer, the same to be deducted from her share of the estate.   There was an order granting the

petition, and Anna Maria Hoffer appealed to the circuit court. Judgment for contestant, petitioner brings error. Reversed. and remanded to probate court.

*Richard L. Newnham,* for appellant.

*Lombard & Atkinson,* for appellee.

FELLOWS, C. J.    Albert S. Damskey died testate. Some years before his death he deeded to his daughter, Mary A. Hoffer, a house and lot in Grand Rapids. The sixth and seventh clauses of his will are as follows:

*"Sixth.* All the rest of my estate not otherwise disposed of, I give to my wife, Martha Damskey, in trust, for the benefit of herself and my six children, namely: J. Geo. Damskey, Mary A. Hoffer, Edward J. Damskey, Rose N. Andrews, T. Carl Damskey and Louis P. Damskey.

*"Seventh.* It is my wish that each of my six children shall receive the sum of three thousand dollars in cash, to be paid them as soon as money can be realized from the estate, as their full share of inheritance from my estate. And that my daughter, Mary A. Hoffer, to whom I have already deeded the property known as 21 Maple avenue (old number) and which premises she now occupies as her residence, may be deducted at the appraised value, as a part of her share in the estate."

The widow of deceased who was named and who qualified as executrix petitioned the probate court of Kent county to appoint appraisers to appraise the property deeded to Mrs. Hoffer. Mrs. Hoffer objected to such an order being entered. Upon appeal it was conceded that the case must turn upon the proper construction of Mr. Damskey's will. The trial judge was of the opinion that Mrs. Hoffer was entitled to receive $3,000 without deduction of the appraised value of the real estate deeded to her and mentioned in the will. In this court two questions are presented:

(1) The correctness of the conclusion of the trial judge, and

(2) If his construction is erroneous should the appraised value be fixed as of the date of the deed or as of the date of testator's death?

The cardinal principle to be observed in the construction of wills is to ascertain the intent of the testator and to give such intent effect if it is ascertainable and is not unlawful. While there are recognized rules to aid the courts in such construction they are not called to the aid of the court if from the four corners of the instrument the intent is fairly discoverable. We are persuaded that the will before us may be construed from its four corners and effect given the manifest intention of the testator. Grammatically it is imperfect, but we think it clearly shows the intent of the testator to treat all of his children alike. The daughter, Mrs. Hoffer, had already received a portion of her patrimony. In order to treat all the children alike, what she had received should be deducted from her $3,000. The testator, we think, clearly had this in mind, and we do not think the ungrammatical language used by the scrivener should be permitted to defeat such intent. Clearly it was the appraised value of the premises—not the appraised value of Mrs. Hoffer—that was to be deducted. The use of the word "may" in the concluding sentence of the seventh clause of the will does not make the language of the clause precatory any more than the use of the word "wish" in the beginning of the clause. The whole clause must be considered to ascertain the intent of the testator, and when the whole clause is considered the intent shines through the fog produced by the ungrammatical use of the English language. We are satisfied from the four corners of this will that the testator intended to give each of his children $3,000, to treat them all alike,

and to deduct from Mrs. Hoffer's share what she had already received in order to accomplish that end.

Having reached this conclusion, it is obvious that appellee's contention that the appraised value of the premises as of the date of the deed, not the appraised value after she had expended several hundred dollars in improving them, and as of the date of testator's death, must obtain. The deed was in the nature of an advancement and the appraised value of the premises as of its date must control. We have already pointed out that the will shows an intent to treat all the children alike, to give each the same amount. If Mrs. Hoffer had allowed the property deeded to her to deteriorate it would be unfair to the others to fix its value in its deteriorated condition. It would be equally unfair to her if she has enhanced the value of the premises by improvements to take their present value as a guide. Not only would it be unfair but it would defeat the intent of the testator to treat all of his children alike. The value of the premises when they were deeded to Mrs. Hoffer should be found by the appraisers to be appointed by the probate court.

The judgment will be reversed and the case remanded to the circuit court of Kent county with directions to certify the case back to the probate court. There appraisers will be appointed to appraise the premises at their value on the date of the deed. Appellant will recover costs of both courts.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.