## *In re* LAWTON ESTATE.

1. WILLS—CONSTRUCTION—INTENT.
   The primary rule of construction of wills is to reach the intent of the testator and, in doing so, all parts of the will must be considered.

2. SAME—CONSTRUCTION—WIDOWS—LIFE ESTATE.
   Provision of will whereby testator gave all real and personal property to widow for and during her natural life to use as she saw fit and after her decease "the balance if any remains to be divided one half to my legal heirs and the other half to the heirs of my wife" is construed as creating a life estate in the widow and not a fee as claimed by her heirs.

Appeal from Shiawassee; Carland (Michael), J. Submitted October 9, 1956. (Docket No. 62, Calendar No. 46,889.) Decided December 6, 1956.

Petition for interpretation of will of Vraneus A. Lawton on subsequent death of widow for whom provision had been made. Orders in probate and circuit courts determined estate be divided equally between heirs of each. Aubrey Brown, administrator of widow's estate and one of her heirs, appeals. Affirmed.

*Joseph & Joseph,* for appellant.

*Norman L. Des Jardins,* for appellee.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur, Wills §§ 1133, 1137.
[2] 33 Am Jur, Life Estates, Remainders and Reversions § 11 *et seq.*

SHARPE, J. This case involves the construction of a will. It appears that on December 27, 1904, one Vraneus A. Lawton executed a will, a part of which reads as follows:

"I give & bequeath & devise to my beloved wife Annie Lawton all the Estate both Real Personal for and During her natural Life to use. as she may see fit & Desire and after her decease than the balance if any remains to be Divided one half to my legal heirs and other half to the heirs of my wife Anne Lawton that is Share & Share alike."

Vraneus A. Lawton died, and on February 27, 1905, an order was entered admitting the will to probate. An inventory filed shows that the estate of Vraneus A. Lawton consisted of real and personal property. Annie Lawton was named executrix and continued to live on the premises and had the use and benefit of the property mentioned in the will until her death. Subsequent to the death of Annie Lawton a petition was filed in the probate court of Shiawassee county for an interpretation of the will of Vraneus A. Lawton. The probate court entered an order, a part of which reads as follows:

"Therefore, it is hereby ordered and determined by the court that the heirs of Vraneus A. Lawton, deceased, shall take 1/2 and the heirs of Annie Lawton Geeck, deceased, shall take 1/2 of any real and personal estate left by the deceased, Vraneus A. Lawton, and which remained in the possession of the said Annie Lawton Geeck at the time of her death."

The cause was appealed to the circuit court of Shiawassee county and the trial court affirmed the order of the probate court. In an opinion the trial court stated:

"It appears to the court that it was the intention and desire of the testator to see that his widow, the principal object of his bounty, should be provided

for in the first instance, and that if, after this object was obtained, there was any property remaining, it should then be divided as set forth in the will. As was said in *Quarton* v. *Barton, supra* (249 Mich 474, 477 [69 ALR 820]), 'In making the gift to his wife, he, in effect, says to her, "You may do as you will with this property. Keep it as it is, or sell and dispose of it as you please. You may use any part or all of it, but, whatever you may do with it, that which I [you] have left will belong to the persons I have named as remaindermen."' The use of the property was clearly limited by the words, 'for and during her natural life,' and the words 'to use' should be given their ordinary meaning. * * *

"It appears to the court to be clear that there was only use of the property that was given to Annie Lawton, and that the testator intended that 'the balance, if any' should be divided as provided by his will.

"Therefore, I am of the opinion that only a life estate was created by the provision of the will in question, and the holding of the probate court is therefore affirmed."

The heirs of Annie Lawton appeal and urge that upon the death of Vraneus A. Lawton, Annie Lawton acquired a fee in the property owned by her husband.

It has been stated many times that the primary rule of construction of wills is to reach the intent of the testator and in doing so all parts of the will must be considered.

We are in accord with the findings of the trial court. The judgment is affirmed, with costs.

DETHMERS, C. J., and SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.

BOYLES, J., took no part in the decision of this case.