MATTER OF THE ESTATE OF GRANT BISHIR, Deceased. THE STATE OF MONTANA, Appellant, v. NORMAN C. ROBB, Administrator, c. t a. of the Estate of GRANT BISHIR, Deceased, Respondent.

No. 9437.
Submitted May 31, 1957. Decided September 18, 1957.
Rehearing Denied December 18, 1957.
318 Pac. (2d) 576.

Mr. Arnold H. Olsen, former Atty. Gen., Mr. Forrest H. Anderson, Atty. Gen., Mr. William F. Crowley, Asst. Atty. Gen., Mr. H. O. Vralsted, Sp. Asst. Atty. Gen., Mr. Lyman J. Hall, Deputy Tax Counsel, Board of Equal., Helena, for appellant.

Messrs. Fitzgerald, Ammerman & Bodine, and Messrs. Gibson & Berg, Livingston, for respondent.

Mr. Vralsted, Mr. David B. Fitzgerald and Mr. Ben E. Berg, Jr., argued orally.

MR. JUSTICE ANGSTMAN:

This is an appeal by the state from an order of the District Court of Park County determining the inheritance tax in the estate of Grant Bishir, deceased.

The decedent left a will, the material parts of which so far as this case is concerned, were the following:

"Fourth: I give, devise and bequeath unto my wife, Minnie L. Bishir, all of the rest, residue and remainder of the property of which I die possessed, to have and to hold the same during the term of her natural life, provided she shall remain my widow, with the right to sell, encumber, mortgage and dispose of the same, or any part thereof, for her use, support and maintenance, at her discretion.

"Fifth: Subject to the provisions of the preceding paragraph hereof, I give, devise and bequeath unto my children, Nellie Bishir Carney, of San Francisco, California, and Janette Bishir, of Springdale, Montana, in equal shares, the property referred

to and mentioned in the preceding paragraph hereof, to come into the possession thereof at the death of my said wife, or, if she should re-marry, at the time of her marriage.''

Grant Bishir died May 2, 1951, leaving a gross estate of $198,-769.30, which after deducting taxes and expenses of administration left a net estate of the taxable value of $177,215.66, of which $99,022.61 passed under paragraph' ''Fourth'' and ''Fifth'' of the will, the tax on which is the only question in controversy here.

Of the amount of $99,022.61 the court found the amount passing to the widow under paragraph ''Fourth'' of the will was the sum of $18,784.19 which amount was calculated upon the basis of her life expectancy of 5.72 years; the other $80,-238.42 the court found passed to the remaindermen under paragraph ''Fifth'' of the will. The widow never remarried, but according to a statement in respondent's brief died within six months after the death of testator.

The state contends that since the widow had the power to invade the corpus of the legacy passing under paragraph ''Fourth'' of the will, the whole thereof amounting to $99,022.61 should be taxed as passing to her, which if true would result in a greater tax than found by the court. No contention is made that the court did not properly proceed under R.C.M. 1947, section 91-4432, to fix the value of the life estate and the estate of the remaindermen, if in fact the estate passing to the widow was a life estate only.

The decided weight of authority supports the view that the power of a legatee to invade the corpus of a life estate does not enlarge the estate to a fee where a sale or use as here is limited to that of support and maintenance.

Kidder, State Inheritance Tax and Taxability of Trusts, page 83, in speaking of such a will states:

''A will with these provisions is construed as giving to the wife, a life estate coupled with the power to invade the principal, and the remaindermen take at the termination of the life estate.

"It has therefore been held that a general devise or bequest coupled with a power to sell for beneficiary's use passes only a life estate in the beneficiary, and the power added to the life estate will not enlarge it to a fee, where the exercise of the power is limited to the sale or use of the property by the life tenant for his support or maintenance." Cases there cited supporting this view are the following: Colburn v. Burlingame, 190 Cal. 697, 214 Pac. 226, 27 A.L.R. 1374; In re Briggs' Will, 180 App. Div. 752, 168 N.Y.S. 597; In re Watson's Estate, 241 Pa. 271, 88 A. 433; Southwick v. Southwick, 184 Iowa 336, 168 N.W. 807; Sayer v. Humphrey, 216 Ill. 426, 75 N.E. 170. To those should be added the case of Quarton v. Barton, 249 Mich. 474, 229 N.W. 465, 69 A.L.R. 820, and Smith v. Bell, 6 Pet. 68, 31 U.S. 68, 8 L. Ed. 322.

Most courts take the same view when the power of sale is general and not restricted to support and maintenance of the life tenant.

Thus in 33 Am. Jur., Life Estate, Remainders, etc., section 21, page 484, the rule is stated as follows:

"The great weight of authority supports the rule that a life estate expressly created by the language of an instrument will not be converted into a fee, or into any other form of estate greater than a life estate, merely by reason of there being coupled with it a power of disposition, however general or extensive. In other words, where an estate for life, with remainder over, is given, with a power of disposition in fee of the remainder annexed, the limitation for the life of the first taker will control, and the life estate will not be enlarged to a fee, notwithstanding the power of the life tenant to dispose of the fee. One of the principal reasons underlying the rule is that a power of disposal is only a bare authority derived from the will or deed creating the various interests involved in the case, and is not in itself an estate or property."

It is not necessary in this case to determine whether we would follow what appears to be the weight of authority when the purported life tenant is given the unrestricted power of dis-

position. As above-noted the power of disposition here given to the widow was limited by the will to disposal ''for her use, support and maintenance.''

This circumstance is entirely disregarded in the dissenting opinion herein. The case of In re Estate of Bradley, 241 Minn. 394, 63 N.W. (2d) 374, relied on in the dissenting opinion is inapplicable to the case here under consideration for in that case the power of disposition was absolute and unrestricted.

The only other case relied on in the dissenting opinion that touches upon the question here involved is that of In re Rogers' Estate, Sur., 149 N.Y.S. 462. That case was one where the will of the decedent gave the property to the widow, ''for her support, maintenance and use and that of my children; and at the death of my said wife I give, devise and bequeath what remains to my said children, their heirs and assigns forever.''

The conclusion of the court in that case supports the result sought by the state here. A reading of the entire opinion in that case however will disclose that it is based upon the difficulty of fixing a value of the estate passing to the children since the widow, mother of the children, was still living. Here there is no such problem. It should be noted too that the court apologized for its opinion and admitted that it indulged in judicial legislation to reach the result it did. The court after reaching its conclusion said, ''although it must be said that the failure to discover in the Transfer Tax Act any provision directly applicable to the situation and decisive as to the procedure tends to leave any determination at which we may arrive not wholly free from doubt.''

The case was decided by the Surrogates' Court of Suffolk County and the opinion on its face shows that it was but the opinion of one judge.

The Supreme Court of Illinois refused to follow the Rogers case in People v. Freese, 267 Ill. 164, 107 N.E. 857, where the power of disposition given to the widow was more comprehensive than that here.

To adopt the contention of the state in this case would thwart

the intention of testator and would completely ignore the provisions of the will and the statutes. It would tax a purported transfer to the widow which never in fact took place.

The order appealed from is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICE CASTLES, concur.

MR. JUSTICE BOTTOMLY: (dissenting).

The controversy here is the question as to which is the correct amount on which an inheritance tax should be levied in the estate of Grant Bishir, deceased.

Grant Bishir died, leaving a will, the material parts of which are the Fourth and Fifth provisions which are as follows:

"Fourth: I give, devise and bequeath unto my wife, Minnie L. Bishir, all of the rest, residue and remainder of the property of which I die possessed, to have to to to hold the same *during the term of her natural life,* provided she shall remain my widow, *with the right to sell, encumber, mortgage and dispose of the same, or any part thereof, for her use, support and maintenance, at her discretion.*

"Fifth: Subject to the provisions of the preceding paragraph hereof, I give, devise and bequeath unto my children, Nellie Bishir Carney, of San Francisco, California, and Jeanette Bishir, of Springdale, Montana, in equal shares, the property referred to and mentioned in the preceding paragraph hereof, to come into the possession thereof at the death of my said wife, or, if she should re-marry, at the time of her marriage." Emphasis supplied.

The state contends that the entire estate passing to Minnie L. Bishir at the death of testator in the sum of $99,022.61 should be subject to the tax. By the order of the District Court, this contention was dismissed and the amount thereby taxed by the District Court was the sum of $18,784.19, as the amount passing to the widow under paragraph "Fourth" of the will.

We are discussing here the basic principles involved. The

substantive law, establishing the public policy of this state, is R.C.M. 1947, section 91-4401, which, so far as pertinent here, provides:

"A tax *shall be* and *is hereby imposed upon any transfer of property,* real, perosnal or mixed, *or any interest therein,* or income therefrom *in trust or otherwise, to any person,* association or corporation except the State of Montana, or any of its institutions, county, town or municipal corporations within the state * * *

"(1) By a resident of state. *When the transfer is by will or by intestate laws of this state from any person dying possessed of the property while a resident of the state."* Emphasis supplied.

R.C.M. 1947, section 91-4403, so far as pertinent here, provides:

"Such tax *shall be imposed when any such person* or corporation becomes *beneficially entitled, in possession* or expectancy, *to any property* or the income thereof, *by any such transfer* whether made before or after the passage of this act * * *." Emphasis supplied.

Our state inheritance tax is imposed upon the privilege of receiving property, and is based upon the fundamental principle of exacting the tax upon the amount in money value received by the beneficiary. In determining the amount of the tax assessable in this case, we look at the will and examine it as a whole to ascertain what was transferred to the beneficiary herein.

Here the beneficiary was given the entire estate during her natural life, with power to *invade the corpus* at her discretion, with power to mortgage, *sell* and *dispose* of the same, *which is something more than a life estate.* This fundamental distinction between only a life estate and, where as here, a life estate and the power to sell and dispose of all the corpus of the estate is overlooked in the majority opinion. This will gave to the widow *all the benefits of absolute ownership* with the one exception, the power to control the devolution of the unconsumed

portion of property remaining, if any, upon her death. There is no justification or reason for the claim that such a person has no beneficial interest or ownership in the property. He may sell when he chooses, and dispose of the proceeds at his discretion or pleasure. In view of the language of this will, giving the widow the "right to sell, encumber, mortgage, *and dispose*" *of the corpus of the estate "at her discretion,"* thus permitting her if she so decides to entirely exhaust any remainder leaving nothing for the remaindermen, the tax, under such facts, should be applied to the whole estate which Minnie L. Bishir became *beneficially entitled* to under sections 91-4401 and 91-4403, supra.

Appropriate here is the statement in Klein v. United States, 283 U.S. 231, 51 S. Ct. 398, 399, 75 L. Ed. 996, wherein that court said:

"Nothing is to be gained by multiplying words in respect of the various niceties of the art of conveyancing or the law of contingent and vested remainders. It is perfectly plain that the death of the grantor was the indispensable and intended event which brought the larger estate into being for the grantee and *effected its transmission from the dead to the living, thus satisfying the terms of the taxing act and justifying the tax imposed."* Emphasis supplied.

Paraphrasing the language in Helvering v. Hallock, 309 U.S. 106, 60 S. Ct. 444, 84 L. Ed. 604, I refuse to subordinate the obvious purposes of our inheritance tax statutes to the recondite learning of ancient property law. The law of contingent and vested remainders is full of casuistries, they have no application to *the public policy set forth by our legislature in the enactment of our inheritance tax statutes.*

In the case of In re Rogers' Estate, Sur., 149 N.Y.S. 462, 467, pertaining to the same issues here considered, that court said:

"The property has *passed* from the original owner, and that an actual transfer of it to someone has been made, and is not in abeyance, is axiomatic. It has come into the *possession of the*

*widow, and she may convert it into money, and appropriate the proceeds to 'her support, maintenance and use,'* \* \* \* What proportion she shall devote to her own use (for her necessities or otherwise), \* \* \* is not dictated by the will. Its terms are liberal. *For all practical purposes she is the owner* and if the matter is *viewed from a rational standpoint* she is *the person who should pay the tax out of the property.* Having technically a life estate, *she has not merely the use of the property, but something much more extensive,* and while the remainder purporting to go to the children is recognized as a valid future estate (be it more or less) under the Real Property Law, yet being reducible to nothing it may be fairly considered as not having a taxable entity.

"The statute does not undertake to define life estates, or to declare what estates shall be so classed and what shall be deemed to vest in the transferee the absolute ownership. \* \* \*

"The fact that if the estate of the widow were taxed in this instance as a life estate, and the remainder appraised forthwith at its present value, no tax would be imposed thereon, by reason of the exemption to which the children are entitled, is a circumstance which need not be considered in this connection, as *we are dealing with the principles involved, and not with incidental matters bearing upon this particular case."* Emphasis supplied. The court held that the tax should be applied to the full corpus of the estate.

The very recent case of In re Estate of Bradley, 241 Minn. 394, 63 N.W. (2d) 374, 375, was an almost identical case to the case at bar, and under identical statutes. There the clause of the will read:

"All the rest, residue and remainder of my estate I give and bequeath to my sister Gertrude Ocobock for the term of her natural life with full power to use and dispose of the same as she may see fit, and with remainder, share and share alike, to Margaret Schletty, individually, and to Margaret Schletty as trustee for the uses and purposes hereinafter set out."

The probate court based its assessment on the full value of

the property to which Gertrude Ocobock became beneficially entitled, and which the court held passed to her under the terms of the will above-quoted. The appellant contended that the transfer to Gertrude Ocobock is taxable only to the extent of the value of her life interest in the property. At the time of Mrs. Ocobock's death she was 81 years old. It was contended that the value of her life interest in the property was $5,703.04 and that the tax should be $171.09 rather than $2,153 as assessed. The Supreme Court however stated:

"Our state inheritance tax is *imposed upon the privilege of receiving property and is based upon the fundamental principle of exacting a tax upon the amount in money value received* by each beneficiary, legatee, or heir from a decedent's estate *by virtue of the provisions of a will or the intestate law,* or as otherwise provided under the statutes. In determining the amount of tax assessable on the transfer of property to Mrs. Ocobock, we must look to the will and examine it as a whole to ascertain what was transferred to her. * * * It created a life estate in Gertrude Ocobock with the remainder over * * * subject to the power granted to the life tenant '*to use and dispose of the same as she may see fit.*' The will clearly specifies that Gertrude Ocobock is to have a life estate. * * * The remainder, however, may be completely defeated if the power vested in Mrs. Ocobock is fully exercised during her life. This is in accord with the weight of authority. * * *

"The basis of our inheritance tax laws is the transfer or shifting of economic benefits from the decedent to the beneficiary. * * * [The will] bestowed upon Gertrude Ocobock all the benefits of absolute ownership with the one exception —the power to control the devolution of the unconsumed portion of property upon her death." Emphasis supplied. The Supreme Court affirmed the lower court's holding that the state inheritance tax was rightly assessed against the full value of the estate.

Our statutes provide a method whereby the tax is to be apportioned in those cases where the beneficiary is made a life

tenant, that is a mere life estate with the use of the property and the income, with the corpus of the estate over to remaindermen, but *this section has no application under the facts here.*

*Our statutes do not provide for an apportionment between a person who has been left a life estate plus the beneficial interest in,* and the absolute right to dispose of the corpus, with power and authority as here to use, sell and consume the entire estate. In such circumstances the basic law applies by imposing the tax on the beneficial interest passed to the widow. In this case, being the entire corpus of the estate transferred to her.

Where as here Minnie L. Bishir received by the will, not only a life estate but something more, she became by the terms of the will beneficially entitled, in possession of the whole of the estate, since she could "sell, encumber, mortgage and dispose" of any and all of the property at her pleasure.

In the case of In re Kohrs' Estate, 122 Mont. 145, 154, 199 Pac. (2d) 856, 860, 5 A.L.R. (2d) 1046, this court said:

"The decisions of this court from the time of Gelsthorpe v. Furnell, 20 Mont. 299, 51 Pac. 267, 39 L.R.A. 170, have foreshadowed the holding that *this state will look to the vesting in possession for determining the rate of tax.* In the latter case the court refused to sustain the trial court which based its decision on when the estate was vested in interest rather than *looking to the time when beneficiaries under the will came into possession and enjoyment.*" Emphasis supplied.

In the instant case, this additional interest in the remainder was vested in interest and possession by the widow, since she had an immediate right of present enjoyment of the remainder. See Hignett v. Sherman, 75 Colo. 64, 224 Pac. 411, 415; People v. Strom's Estate, 363 Ill. 241, 2 N.E. (2d) 94, 95; Ziegler v. Love, 185 N.C. 40, 115 S.E. 887, 888; People ex rel. Attorney General v. Welch's Estate, 235 Mich. 555, 565, 209 N.W. 930; In re Kohr's Estate, supra.

This court in the Kohrs' Estate, supra, 122 Mont. at page 155, 199 Pac. (2d) at page 861 continued:

"Therefore the principle that the significant element in pos-

session or enjoyment is the passing of the *economic benefits* rather than the *shifting of technical legal title is an established one in this state. * * * We look to what the transferee actually receives.''* Emphasis supplied.

Thus in the case where the transferee receives only a life estate, without power to diminish the remainder, the tax will be imposed upon the basis of R.C.M. 1947, section 91-4431. But where the transferee receives a life estate plus a power to sell, mortgage, encumber, and dispose of the corpus for her use at her discretion, then we look to what the transferee actually receives, measured by the passing of economic benefits of immediate possession and enjoyment.

Since the transferee here had the right of the economic benefits of the entire corpus over and above the life estate, the tax imposed upon the transferee must be measured by her receipt of the entire interest.

The order of the District Court should be reversed and the entire estate which passed to Minnie L. Bishir in the sum of $99,022.61 should be taxed as contended by the state.

MR. JUSTICE ADAIR:

I concur in MR. JUSTICE BOTTOMLY's above dissent.