Thomas N. Furry, Executor under the last Will and Testament of
Laura M. Gerhauser, deceased,
Plaintiff,

*vs.*

Anna M. Furry, Ellen J. Furry, Laura Furry Randolph (Also
Known as Betty Randolph), Thomas N. Furry, Wil-
liam F. Furry, Frederick G. Furry, Dorothy A. Furry,
Margaret A. Furry, Anna C. Furry, Josephine Furry,
Thomas Furry, William Furry, Mary Ann Furry, Ellen
Furry, Elizabeth Furry, Patricia Furry and John Joseph
Randolph,
Defendants.

*New Castle, May 22, 1958.*

*William S. Satterthwaite,* Wilmington, for plaintiff and defend-
ants other than Anna M. Furry.

*George Gray Thouron,* Wilmington, for defendant, Anna M.
Furry.

Seitz, Chancellor: This is the decision on agreed facts submitted
in connection with a complaint by an executor seeking instructions as
to the proper interpretation of a will.

Laura M. Gerhauser, the testatrix, died July 6, 1957, leaving a will dated August 25, 1954. The real and personal property passing under the will had a value at the date of her death of approximately $90,500. The will consisted of two dispositive paragraphs. By the first paragraph she directed that $10,000 be set aside for the education of one of her nephews. The second paragraph, which is here involved, provides as follows:

"Second: I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever the same may be at the time of my death, unto my sister, Anna M. Furry, the principal and income therefrom to be used by her for her sole benefit during her lifetime, at her discretion, and the balance thereof, if any, unto my nieces, Ellen J. Furry and Laura Furry Randolph (also known as Betty Randolph), and my nephews, Thomas N. Furry and William F. Furry, in equal shares, the issue of any of my said nieces and nephews who may be deceased to take, per stirpes, the share which his, her or their parent or parents would have taken if living."

The first question concerns the extent of the estate passing to Anna M. Furry ("Anna") under the Second Item of the will. The defendants other than Anna contend that she takes only a life estate, whereas Anna contends that the will gives her an absolute interest in the residuary personal estate and a fee simple title in the real estate.

In contending that Anna took an absolute interest, her attorney argues that under the language of the will she was given the absolute power of disposition. He relies upon the language in the Second Item that "the principal and income therefrom to be used by her for her sole benefit * * *, at her discretion, and the balance thereof, if any, unto * * *". I am unable to agree with Anna's counsel that the quoted language gives Anna an absolute power of disposition. Rather, I think such language gives her the right to use the property for her own benefit during her lifetime, which falls substantially short of an

absolute power. Compare *Hinger v. Hinger,* 17 *Del.Ch.* 62, 149 *A.* 430.

I believe that where a testatrix, as here, clearly evidences her intention that any balance should go over to certain other individuals, it is difficult to say that she intended to make an absolute gift to the first beneficiary. See *Shaw v. Hughes,* 12 *Del.Ch.* 145, 108 *A.* 747; *Sapp v. Sapp,* 33 *Del.Ch.* 524, 96 *A.2d.* 741. Under all the circumstances I conclude that Anna M. Furry took only a life estate in the residuary estate left by the testatrix.

Defendants other than Anna next contend that she takes only a life estate without the power to sell or dispose of the principal of the residuary estate. The attorney for Anna did not brief this point. However, in the interest of a prompt disposition of the matter and because I have no doubt about this aspect of the problem, I shall rule on the contention.

I am satisfied that the language of the Second Item to the effect that "the principal and income therefrom to be used by her [Anna] for her sole benefit during her lifetime, at her discretion * * *" gives Anna an implied power to make a bona fide sale of the principal of the estate where she wants to use the proceeds for her own benefit. The words "if any", referring to the remainder, further support the power to use principal, which necessarily implies the power to sell. This conclusion is in accord with *Sapp v. Sapp,* above, because the court there recognized that a bona fide sale could have been made and the proceeds used by the life beneficiary for her comfort. I conclude that a power of sale does exist. Compare *Heney v. Manion,* 14 *Del.Ch.* 167, 123 *A.* 183.

Defendants other than Anna contend, alternatively, that she may, in her discretion, consume for her sole benefit such part of the estate as she desires but she cannot waste or give or will away any part thereof. Generally speaking, I agree with this contention. See

*Quarton v. Barton,* 249 *Mich.* 474, 229 *N.W.* 465, 69 *A.L.R.* 820; *Kern v. Kern,* 100 *Ohio App.* 327, 136 *N.E.2d* 675; 69 *A.L.R.* at page 827. After all, the broad grant of power was for her benefit and any substantial donation or any disposition would not be in furtherance of the testatrix's objective, particularly since she named remainder-men. However, Anna's right to use all income is not challenged. Also, I believe the stated limitation on the use of principal must be viewed realistically.

I note that no question is raised as to whether the language of the will designates Anna as trustee, thus making 12 *Del.C.* § 1551 inapplicable. Compare *Equitable Trust v. Pennetto,* 16 *Del.Ch.* 218, 142 *A.* 827.

Present order on notice.