IN THE MATTER OF THE ESTATE OF ORVILLE H. HESS, ALSO KNOWN AS O. H. HESS, DECEASED. STATE BOARD OF EQUALIZATION, STATE OF MONTANA, PLAINTIFF-OBJECTOR AND APPELLANT, v. GEORGE PERSHING HESS, EXECUTOR OF THE ESTATE OF ORVILLE H. HESS, DECEASED, DEFEND-ANT-PETITIONER AND RESPONDENT.

No. 10849.
Submitted March 12, 1965. Decided June 8, 1965.
As Amended July 21, 1965. Rehearing denied August 3, 1965.
403 P.2d 748.

William A. Douglas (argued), Helena, for appellant.

Arthur F. Thompson (argued), Bozeman, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order determining inheritance tax entered in the district court of Gallatin County.

This case arises out of a dispute between the executor of the estate of Orville H. Hess and the State Board of Equalization as to whether the deceased's sons are obligated to pay any inheritance tax at the present time.

For several years prior to 1959, Orville H. Hess and Verna E. Hess, his wife, owned certain real property in the Bozeman, Montana, area as tenants in common. In 1959 they transferred one-half of the property to one son, G. P. Hess, and the other one-half to the other son, M. B. Hess, reserving to themselves a life estate in each piece of property with right of survivorship.

On September 29, 1963, Orville H. Hess died. The Executor of his estate contends that the only inheritance tax due at the present time is from Mrs. Hess on a portion of the deceased's one-half interest in the life estate. The portion is said to be determined by the age of the deceased at the date of the creation of the life estate in 1959.

The State Board of Equalization contends, however, that one-half the value of the remainder deeded to the sons in 1959 is subject to inheritance tax pursuant to section 91-4402, R.C.M. 1947. It is urged this was property which was the subject of a gift that was testamentary in character though made inter vivos. This means, in the language of the statute, that the gift was "intended to take effect in possession or enjoyment at or after" the death of the grantor. The result of the Board's contention is that the one-half interest of the father is taxable now.

The district court held for the executor and the State Board of Equalization brings this appeal.

Sections 91-4401 and 91-4402, taken together, prescribe that an inheritance tax is to be imposed upon any transfer when the transfer is made by deed, grant, bargain, sale or gift and is intended to take effect in possession or enjoyment at or after death. When the transferor creates a life estate in himself and a remainder in others he has retained life benefits and postponed the enjoyment in the remaindermen until his death.

In reality this is a testamentary transfer because it works the same way as a devise. The majority of the states construe a devise like this to require an inheritance tax on the succession at the death of the grantor, settlor or donor. See Comment, 26 Iowa L.Rev. 514, 85 C.J.S. Taxation § 1147(3), p. 933; Anno. 121 A.L.R. 359; 155 A.L.R. 850; 167 A.L.R. 438.

"* * * A transfer intended to take effect in possession or enjoyment at or after death is a disposition in which the donor retains the economic interest or enjoyment of the property during his life, and includes situations where the ownership of the property had passed from the decedent during his life." 85 C.J.S. Taxation § 1147(3)(a), p. 928, n. 49.

And the Supreme Court of the United States has stated in this regard:

"* * * There is no natural right to create artificial and technical estates with limitations over, nor has the remaindermen

any more right to succeed to the possession of property under such deeds than legatees and devisees under a will. The privilege of acquiring property by such an instrument is as much dependent upon the law as that of acquiring property by inheritance, and transfers by deed to take effect at death have frequently been classed with death duties, legacy and inheritance taxes." Keeney v. Comptroller of State of New York, 222 U.S. 525, 32 S.Ct. 105, 106, 51 L.Ed. 299.

Essentially, the inheritance tax is imposed on the inter vivos transfer but is postponed until the death of the transferor. In re Thurston's Estate, 36 Cal.2d 207, 223 P.2d 12.

Montana agrees with this majority view. In re Estate of Schuh, 66 Mont. 50, 212 P. 516; In re Oppenheimer Estate, 75 Mont. 186, 243 P. 589, 44 A.L.R. 1470; In re Kohr's Estate, 122 Mont. 145, 199 P.2d 856, 5 A.L.R.2d 1046.

"[T]he principle that the significant element in possession or enjoyment is the passing of the economic benefits rather than the shifting of technical legal title is an established one in this state." In re Kohr's Estate, supra at 155, 199 P.2d at 861.

While we are in agreement with the interpretation of the law as set forth in the preceding paragraphs, we do not see where, in light of that law, there is any inheritance tax due by virtue of the rule so expressed. It is clear that the remaindermen will be responsible for an inheritance tax on the property they receive at the conclusion of the intervening life estate, but that life estate has not been concluded. The death of the father has given the sons neither the possession nor the enjoyment of the remainder because the life estate continues in full force and effect in the mother both in her own right and as the surviving joint tenant of the life estate. The sons will be obligated for inheritance tax at the death of Mrs. Hess because the thing taxed is the transfer of the interest that is withheld from possession and enjoyment pending the death of the transferor. In the instant case there were joint transferors and they held the life estate in joint tenancy, so it is only on

the extinction of the life estate that the sons are liable for the tax. The tax at that time will, of course, be valued as of that date. Schroeder v. Zink, 4 N.J. 1, 71 A.2d 321.

An inheritance tax is presently due on the interest Mrs. Hess received as surviving joint tenant of the life estate jointly held by her and her husband. We are unable to find any cases or authority wherein the intervening life estate retained was held in joint tenancy with a co-grantor or co-settlor. In all the authorities available to us there was but one grantor, donor, or settlor.

With the death of one joint tenant the interest passes to the survivor. In the instant case this leaves the remaindermen unaffected for inheritance tax purposes with the surviving co-owner subject to inheritance tax on the interest received. Section 91-4405, R.C.M.1947. In State Board of Equalization v. Cole, 122 Mont. 9, 13, 195 P.2d 989, this court recognized that "at the death of the co-tenant there is a direct shifting of economic interest (see United States v. Jacobs, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763), and it is this additional interest obtained by reason of the death of the co-tenant and not by reason of the transfer creating the joint tenancy that is taxed by such statutes."

The valuation for the tax to be imposed is figured from the value of the life estate to the wife that was received by her on the day her husband died, as figured from actuarial tables commonly used by the State Board of Equalization and other taxing authorities. Section 91-4432, R.C.M.1947; In re Bisher's Estate, 132 Mont. 558, 318 P.2d 576.

This pattern was not followed and the date of the creation of the life estate in 1959 was used as the valuation time. The proper date is September 29, 1963, the day deceased died. With the modification noted here the decision is affirmed, and the matter remanded for fixing the correct amount of inheritance tax due from the surviving joint tenant.

MR. JUSTICES JOHN C. HARRISON, ADAIR, DOYLE and CASTLES concur.